KINGAN & COMPANY, LIMITED, *v.* CLEMENTS.

[No. 22,661. Filed November 2, 1915. Rehearing denied January 6,
1916.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Employer's Lia-
bility Act.—Complaint.*—Defendant's contention that plaintiff's ac-
tion, founded upon the Employer's Liability Act of 1911 (Acts
1911 p. 145, §8020a Burns 1914), must fail on the ground that the
act is unconstitutional, can not prevail. p. 215.

2. APPEAL.—*Review.—Verdict.—Conclusiveness.*—The court on ap-
peal will not weigh the evidence, and a verdict for plaintiff sup-
ported by some evidence on all the allegations of the complaint is
conclusive. p. 215.

3. MASTER AND SERVANT.—*Employer's Liability Act.—Constitution-
ality.*—Section 7 of the Employer's Liability Act of 1911 (Acts
1911 p. 145, §8020g Burns 1914), is simply a restatement of the
previously existing law in relation to trials by jury, to the effect

where there is evidence on the questions of assumed risk, negligence or contributory negligence, sufficient to form an issue of fact, it shall be submitted to the jury for determination, and is not unconstitutional as being an interference with exclusive judicial functions of the court. p. 215.

4. APPEAL.—*Review.*—*Instructions.*—*Form.*—An instruction that if plaintiff voluntarily elected to execute his work in a dangerous way the jury "would be at liberty" to find plaintiff negligent in that respect, as well as an instruction in which the words "you would be justified in finding," were not objectionable as not definitely advising the jury as to its duty. p. 216.

5. APPEAL.—*Review.*—*Instructions.*—Reversal can not be predicated on instructions which when considered as a whole express the law correctly. p. 217.

6. APPEAL.—*Review.*—*Invited Error.*—Error, if any, in an instruction given is not available where it appears to have been invited by appellant's request for a similar instruction. p. 217.

7. APPEAL.—*Review.*—*Refusal of Instructions.*—It is not error to refuse an instruction which is fully covered by one given. p. 217.

From Superior Court of Marion County (21,-249); *Joseph Collier*, Judge.

Action by Minter Clements against Kingan & Company, Limited. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Miller, Shirley, Miller & Thompson*, for appellant. *Wymond J. Beckett*, for appellee.

ERWIN, J.—This action was brought by appellee to recover for personal injuries received while working in appellant's packing house in the city of Indianapolis. The action is based upon the negligence of a fellow servant and is alleged to have been caused by a knife in the hands of a fellow servant coming in contact with appellee's left wrist, while appellee was in the act of placing meat upon a carrying table, while in line of his duty and employment. Trial was had by a jury, judgment in favor of appellee for $3,000.

Appellant assigns as error herein, (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that the court erred in

overruling appellant's demurrer to the complaint; and (3) that the court erred in overruling appellant's motion for a new trial. Appellant concedes that "This case depends solely upon the act of 1911 (Employer's Liability Law, Acts 1911 p. 145, §8020a Burns 1914), it being a case where the complaint and the undisputed evidence both show that if there is any negligence at all, it was the negligence of a fellow servant of plaintiff, and, therefore, unless the act of 1911 is valid the case must fall." All questions in this case involving the constitutionality of the act in question have been decided by this court adverse to the contention of appellant, in the case of *Vandalia R. Co.* v. *Stilwell* (1914), 181 Ind. 267, 104 N. E. 289.

It is contended by appellant that the verdict is not sustained by sufficient evidence. There was some evidence on all the allegations of the complaint. Where there is some evidence to support the verdict, the judgment will not be reversed. This court will not weigh the evidence. *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 103 N. E. 802.

It is especially insisted by appellant that §7 of the act (Acts 1911 p. 145, §8020g Burns 1914) is unconstitutional for the reason that it is an interference with judicial functions which exist only in the court. We are of the opinion that §7 is simply a restatement of the law in relation to trials by jury, as it existed prior to its enactment. That is, where there is sufficient evidence for and against the propositions of assumption of risk, negligence or contributory negligence, sufficient to form an issue of fact, it shall be submitted to the jury for its determination. The evidence in this case was such that more than one inference can be drawn therefrom and the questions of negli-

gence, assumption of risk and contributory negligence were properly submitted to the jury even without the provisions of §7, *supra.* *Indianapolis Traction, etc., Co.* v. *Miller* (1913), 179 Ind. 182, 184, 100 N. E. 449, and cases cited.

It is contended by appellant that instruction No. 14 was erroneous. The instruction is as follows: "Where there are two ways of performing a 4. task, one of which is safe and practical and the other unsafe or dangerous and the servant, with knowledge of the situation, knowingly elects to execute the work in the dangerous mode, and is injured thereby, then ordinarily he would be guilty of negligence in that respect. So if you find from the evidence that there were two ways in which plaintiff could have executed his work, and that one of such ways was safe and practical and the other was dangerous, and that plaintiff voluntarily elected to execute the work in the dangerous mode and was injured thereby, then you would be at liberty to find plaintiff negligent in that respect." It is contended by appellant that this instruction permitted the jury to choose its own course and it was not bound to so find. This court said in *Smith* v. *State* (1895), 142 Ind. 288, 293, 41 N. E. 595: "It has been sometimes said that the word 'should' in such a charge is of too imperative a character; that the expression ought to be 'It is the duty of,' or, 'It is the province of the jury,' or, 'The jury ought to,' or 'the jury may,' consider, etc., *Lynch* v. *Bates* [1894], 139 Ind. 206 [38 N. E. 806]. And we are inclined to think that it might be better to use such permissive form rather than the seemingly imperative form here used. In any of the forms used the jury are told only what is their duty, namely, to consider the evidence on the trial." We are of the opinion that instruction No. 14 informs the jury.

as to its duty in regard to the negligence of plaintiff in that respect. The same is true of instruction No. 16 where the words, "You would be justified in finding" are attacked upon the same grounds.

Complaint is made of a part of instruction No. 17, but when considered as a whole the instruction is not erroneous. Instruction No. 18 taken in its entirety shows that the court was defining the preponderance of the evidence and not the burden of proof as contended by appellant. Instruction No. 23 is substantially the same as instruction No. 11 requested by appellant, and if it be error appellant can not complain for it was invited error. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 606, 100 N. E. 675, 102 N. E. 99. It is further contended that it was error for the court to refuse to give its tendered instructions Nos. 3 and 8. Instruction No. 12 given by the court fully covers requested instruction No. 3, and the court's instruction No. 16 fully covers instruction No. 8 requested by appellant. It is not error to refuse to give an instruction where it is fully covered by instructions given. *Bradley* v. *Onstott* (1914), 180 Ind. 687, 693, 103 N. E. 798.

No reversible error having been presented the judgment is affirmed.

Note.—Reported in 110 N. E. 66. See, also, under (1) 26 Cyc 1079, 1080; (2) 3 Cyc 348; (4) 38 Cyc 1597; (5) 38 Cyc 1778; (6) 3 Cyc 248; (7) 38 Cyc 1711.