McEachin *v.* Yarborough.

4-3542

Opinion delivered June 18, 1934.

*Cockrill, Armistead & Rector,* for appellants.

*A. C. Thomas* and *W. R. Donham,* for appellee.

JOHNSON, C. J. To compensate an injury which was received under the circumstances hereinafter detailed, this suit was instituted by appellee, Jack T. Yarborough, against appellants, Grover C. McEachin *et al.,* in the Saline County Circuit Court. The facts are not in material dispute and may be summarized as follows:

On and prior to June 27, 1933, appellants, as a partnership, were engaged in constructing a hard-surfaced highway and bridges incident thereto in Perry County, and appellee was employed by appellants as a stone mason to assist in building and constructing a stone bridge over Cove Creek. It was the duty of appellants to furnish the stone and other materials used in the construction of the bridge, while it was the duty of appellee to, and he did, furnish the tools with which the stone was sized and shaped for use in the structure. The stone employed in the construction of the bridge were obtained in the vicinity of the immediate work and were commonly known and designated as "native stone." Appellee had been in the employ of appellants for some time prior to June 27, 1933, performing similar services, and during this period practically, if not all, the stone furnished by appellant to appellee for use in construction of bridges was obtained from a rock quarry near Stone Mountain; practically if not all this stone was of a sand stone nature and easily broken and shaped for the builder's uses. On June 27, 1933, the supply of stone theretofore furnished being exhausted, appellants obtained a truck load or more of stones from the bed of South Fourche Creek. The stone thus obtained from South Fourche Creek was of a hard and brittle nature and not pliable for the uses contemplated as were the stones theretofore used, although from outside appearances this stone appeared to be of the same nature and quality as stone theretofore obtained from Stone Mountain. Appellants did not apprise appellee that this last load of stone was obtained

from the bed of South Fourche Creek, and appellee assumed that these stones came from the Stone Mountain quarry. In the forenoon of June 27, 1933, appellee, while engaged in performance of his duty constructing said bridge, obtained a stone, which was one stone from the load of stones theretofore furnished by appellants and obtained from South Fourche Creek, and undertook to size and shape it for the use contemplated. To effect this purpose, appellee struck the stone with a hammer, whereupon it shattered and crushed, a fragment of which struck appellee in the eye and destroyed the sight thereof. Appellants admit that if liability exists the award is not excessive, therefore it is not necessary to state the facts in reference to the extent of appellee's injury. The theory upon which the trial progressed is reflected in appellee's instruction No. 1 as follows:

"If you find from a preponderance of the evidence that the plaintiff, Jack T. Yarborough, at the time he was injured, and for some time prior thereto, was in the employ of the defendants doing stone work in the construction of a bridge, and, if you further find that it was the duty of the defendants to furnish the stone used by the plaintiff; and if you further find that, prior to furnishing the last few loads of stone, the stone furnished by the defendants was of a sandstone or limestone formation, being of such formation that it would not shatter when struck in shaping same for use; and if you further find from a preponderance of the evidence that the last few loads of stone furnished by the defendants came from a different place and was of a different nature, being of different formation, and that said last few loads of stone were not workable and were unfit for the use for which they were intended, same being a kind of hard flint rock, and if you further find that, from the nature of said last few loads of stone, it was dangerous to undertake to break the stone or trim same into shape, and that because of its hard flinty nature when it was struck by the plaintiff for the purpose of putting it into shape, if you find it was of such nature, it shattered and small pieces thereof flew in all directions, one of which struck

plaintiff in the eye and destroyed the sight thereof; and if you further find that the defendants failed to warn plaintiff that said last few loads of stone were of a different kind and failed to warn him of the dangers incident to the use of said stone, provided you find that same was dangerous, and that, in furnishing said stone and in failing to warn him, the defendants failed to exercise ordinary care; and that because thereof the plaintiff was injured as alleged, while he was in the exercise of ordinary care for his own safety and when he had not assumed the risk, that is, when the risk was not open or apparent to him in the exercise of ordinary care and was wholly unknown to him, then you are instructed to return a verdict for the plaintiff.''

No liability exists against appellants and in favor of appellee under the facts and circumstances here presented. It is a fundamental rule in the law of negligence that liability exists when the perils of the employment are known to the employer but not to the employee, and no liability is incurred when the employee's knowledge equals or surpasses that of the employer. 18 R. C. L., p. 548. *Arkansas Smokeless Coal Co.* v. *Pippins,* 92 Ark. 138, 122 S. W. 113. The uncontradicted testimony here shows that the employer had no superior knowledge to that of employee in reference to the nature of the stone being used, therefore had no duty to perform the neglect of which would create liability. The fact is appellee was employed in this line of work because of his superior knowledge. He was an expert stone mason of long experience. The burden of appellee's contention is that the employer or master had the duty of examining the stone for latent defects. The application of this contention would be that the master would be required to examine each stone offered to the mason before the work progressed. Also, if necessary, the master would be required to break each stone before giving it to the mason to be sized and shaped. A more simple thing than native stone does not exist. Every one with or without wide experience knows that one native stone may be hard whereas another lying adjacent is harder or softer than the other.

We conclude that no duty rested upon the master in this case to examine the stone and determine in advance whether it was hard or soft, and that no liability can be predicated upon his failure to do so.

Moreover, it has been the long-established doctrine in this jurisdiction that an employee assumes all the ordinary risks and hazards incident to his employment. *Southwestern Telephone Company* v. *Waughter,* 56 Ark. 206, 19 S. W. 575; *Choctaw, O. & G. Ry. Co.* v. *Thompson,* 82 Ark. 11, 100 S. W. 83.

The testimony is conclusive that appellee had and possessed knowledge equal to and superior to that possessed by appellants in reference to the nature, formation and uses of stone employed in the performance of his duties as a stone mason. He knew that native stone was being employed in the construction, and he knew that it was imperative to break and shape the stone for the builder's uses. He knew, as every one else knows, that native stone is not of uniform formation and nature, and he had no right to assume that his master was better informed on this subject than he. The formation and nature of the stone employed in these bridges was one of the ordinary risks and hazards of his employment, which was assumed by him when he entered the service of the master. True, appellee suffered a very serious injury, but it is the result of a risk assumed by him, and he must bear the consequences.

The judgment is reversed, and the cause of action dismissed.