Kurn *v.* Faubus.

4-3940

Opinion delivered July 8, 1935.

J. W. Jamison and *Warner & Warner,* for appellants.

Johnson, C. J.   Appellee instituted this suit in the Washington County Circuit Court against appellants, as receivers of the St. Louis-San Francisco Railway Company, to compensate a personal injury received by him on March 8, 1933. The complaint, in part, alleged that:

"Plaintiff states that the said C. H. Garrison, foreman, and with full authority to direct him, and with full knowledge of his physical condition and the peril to which he would be subjected by heavy lifting, negligently and carelessly directed him to assist another employee in unloading said engine boxes or bearings from said baggage car onto the trucks at the station; that he, at the time, advised said foreman, C. H. Garrison, that he was not able to lift said boxes or bearings, but was again ordered and directed in a very harsh manner to proceed with the unloading of said boxes or bearings, and that, through fear of losing his job if he refused to obey the orders and commands of his superior, who was C. H. Garrison, he proceeded to assist in the unloading of said boxes or bearings; that in unloading the same it was necessary to lift said heavy machinery, and while attempting to lift one of said boxes or bearings he wrenched and sprained the muscles of his back in the left lumbar region,

thereby causing pyelitis and lumbar weakness, and as a result of said injury, which was caused by the negligence and carelessness of said defendants, their agents and employees, as aforesaid, he has, since said 8th day of March, 1933, been totally disabled and will be continuously, for the balance of his life, totally disabled from following any occupations; that he has, by reason of said injury, suffered great pain and will continue to suffer; that he has been, and will continue to be, under the care and treatment of a physician, and has and will be forced to expend money for doctors' bills and medicine.'' Damages were laid at $25,000.

Appellants answered the complaint thus filed by general denial and affirmatively pleaded assumed risk and contributory negligence in bar of recovery. Upon trial to a jury testimony was adduced in behalf of appellee to the following effect: That on March 8, 1933, appellee, was in the employ of appellants at Fayetteville, Arkansas, as caretaker of a motor car and certain railway coaches, and that C. H. Garrison was his foreman; that on said date the train which arrived from Muskogee, Oklahoma, had on board two boxes containing bearings for locomotive engine drive wheels each of which weighed approximately six hundred pounds, and Garrison as foreman directed appellee and one Robinson to unload said boxes of bearings; that appellee upon being directed by Garrison to assist in the unloading of said boxes advised Garrison that he was physically unable to make such heavy exertion, and in response thereto Garrison responded: ''If you can't lift them, you can roll them''; that appellee and Robinson unloaded the first box of bearings by rolling it and without accident or injury; that in unloading the second box of bearings appellee received his injury in the following manner: That it was necessary to lift or carry the second box of bearings because it was located behind a post at or near the end of the car and that appellee was seriously and permanently injured in effecting this lift.

The jury returned a verdict in favor of appellee and against appellants for a substantial sum, and a judgment was accordingly entered, from which this appeal comes.

By timely request for a peremptory instruction, which was properly reserved in its motion for a new trial, appellant contended in the lower court, and asserts here on appeal, that the testimony advanced upon trial was insufficient to support appellee's contention of actionable negligence, and we think this contention must be sustained.

There is no actionable negligence established by the testimony in this case.

The law is that where the perils of the employment are known to the master but unknown to the employee, the master has the duty of apprising the employee thereof, and a neglect by the master of such duty creates actionable negligence; but where the employee's knowledge of the perils of the employment equals or surpasses that of the master, then there is no duty upon the master to apprise the employee of something already well known to him. In the recent case of *McEachin* v. *Yarborough*, 189 Ark. 434, 74 S. W. (2d) 228, we stated the applicable rule as follows:

"It is a fundamental rule in the law of negligence that liability exists when the perils of the employment are known to the employer but not to the employee, and no liability is incurred when the employee's knowledge equals or surpasses that of the employer. 18 R. C. L., p. 548; *Arkansas Smokeless Coal Co.* v. *Pippins*, 92 Ark. 138, 122 S. W. 113. The uncontradicted testimony here shows that the employer had no superior knowledge to that of employee in reference to the nature of the stone being used, therefore had no duty to perform the neglect of which would create liability."

In 18 R. C. L., § 62, p. 548, the rule is tersely stated as follows:

"Knowledge, then, or opportunity by the exercise of reasonable diligence to acquire knowledge, of the peril which subsequently results in injury to the employee is the foundation of the liability of the employer. Liability exists when the perils of the employment are known to the employer but not to the employee; and no liability is incurred when the employee's knowledge equals or surpasses that of the employer."

Our holding in the McEachin case cited *supra* finds support in the case of *B. & O. Ry. Co.* v. *Berry,* 286 U. S. 272, 52 S. Ct. 510, wherein the court said:

"There was no evidence that either the conductor or respondent knew that the caboose had stopped on the trestle, and, as they were together in the cupola of the caboose when the train stopped, their opportunity for knowledge, as each knew, was the same. Hence there is no room for inference that the conductor was under a duty to warn of danger known to him and not to respondent, or that respondent relied or had reason to rely on the conductor to give such warning. Nor was the request to alight a command to do so regardless of any danger reasonably discoverable by respondent. * * * There was no evidence that respondent could not have discovered the danger by use of his lantern or by other reasonable precautions, or that he in fact made any effort to ascertain whether the place was one where he could safely alight. * * *

"The conductor could have no knowledge of such danger, nor was he in position to gain knowledge, superior to that of other trainmen, whose duty it was to use reasonable care to ascertain, each for himself, whether in doing this work he was exposing himself to peril. * * *

"There was no breach of duty on the part of the conductor in asking the respondent, in the performance of his duty, to alight or in failing to inspect the place where he alighted or to warn him of the danger. If negligence caused the injury, it was exclusively that of the respondent. Proof of negligence by the railroad was prerequisite to recovery under the Federal Employers' Liability Act."

The undisputed testimony adduced in the instant case is to the effect that appellee knew his physical condition equally as well as did Garrison, even after Garrison had been apprised thereof, and appellee was the sole factor in applying his strength in the removal of the heavy box of bearings whereby he received his injury. If this were negligence, it is exclusively that of appellee's, and appellants are not responsible for the resultant in-

236

jury. See *M. P. Rd. Co.* v. *Martin,* 186 Ark. 1101, 57 S. W. (2d) 1047; *Crawfordsville Trust Co.* v. *Nichols,* 121 Ark. 556, 181 S. W. 904.

Since the testimony adduced by appellee, when viewed in the light most favorable to him, does not show any actionable negligence on the part of appellants which proximately produced or contributed to his injury and resultant damage, it follows that the judgment in his behalf must be reversed, and remanded for a new trial. It is so ordered.