## UNION SAW MILL COMPANY *v.* HAYES.

4-4093

Opinion delivered January 13, 1936.

*Gaughan, Sifford, Godwin & Gaughan,* for appellant.
*J. V. Spencer* and *Marsh & Marsh,* for appellee.

MEHAFFY, J. This suit was brought by appellee against the Union Saw Mill Company and the Crossett Lumber Company for damages for an injury suffered on October 25, 1933. The court sustained a motion to quash service as to the Crossett Lumber Company, and the case proceeded to trial against the appellant alone.

The appellee alleged that a long time prior to the time of his injury he, with other employees of the Union Saw Mill Company, had been engaged in cutting right-of-way, making cross-ties and cutting wood for the Union Saw Mill Company; that on October 10, 1933, the superintendent of the Union Saw Mill Company had advised its employees that its mill at Huttig had burned, and that they would go to work cutting chemical wood to be used by the Crossett Lumber Company, and appellee and other employees were carried to and from their homes at the Union Saw Mill camp to the point where said work was to be done; that the foreman of the Union Saw Mill Company directed the manner of their working, and J. R. Withers, foreman of the Crossett Lumber Company, directed them as to the place where they should work, and the kind of timber they should cut; that he and other members of the crew were under the joint direction and control of the saw mill company and the Crossett Lumber Company; that on October 25 appellee and Clem Colvin, another employee of the Union Saw Mill Company, were directed to cut down a large post oak tree about 18 inches in diameter that was leaning, and after making preparations for felling the tree, they started sawing, and because the tree was leaning, the appellee instructed Colvin, who was handling one end of the crosscut saw, to hold the saw back and not cut his corner of the tree off for the reason that, if he should cut his corner, it would, on account of the tree being leaning, cause the tree to kick back over the stump, and would be dangerous; Colvin agreed to follow the instructions of appellee, but did not do so, but sawed his side of the tree completely through, and this caused the tree, in falling to kick back, strike plaintiff, injuring his leg.

The complaint describes his injuries and the time he was in the hospital, and alleges that his injuries are permanent.

The Union Saw Mill Company filed answer denying the material allegations of the complaint, and alleging that appellee was working for the Crossett Lumber Company and not for the appellant. It alleges that his injuries were received because of his own negligence, and that he assumed the risk.

In the view the court takes of this case, it is unnecessary to copy the evidence or to discuss any questions except the question of the negligence of the defendant and the assumption of risk by appellee,

The appellee testified that, the morning he got hurt, he and another servant, Clem Colvin, started to cut a leaning tree; they sawed it on one side and blocked it out; the tree was sagging to the left; he told Colvin to hold his left corner to keep it from splitting, and he said he would; Colvin sawed his corner off first, and when it fell it struck a snag and jumped backwards; if he had held his corner, the tree would have fallen in a clear place; when the tree kicked back it caught his foot, and they had to saw off a part of the tree before he could get his foot loose. No one told them how to do their work, and appellee knew as well as any one, how to cut down a tree. There were no bushes or undergrowth where the tree was cut except the snag which was about eight or ten feet away, and about ten or twelve feet high; the tree bent to the left of the snag. In sawing the tree down appellee had his left hand to the tree; the tree was leaning to the left of the snag, but, if Colvin had not cut off his corner first, it would have fallen to the right of the snag; the tree hit the snag and kicked back on appellee. There was a verdict and judgment for the appellee, and the case is here on appeal,

There is considerable testimony as to whose employees appellee and Colvin were, and testimony as to the extent of appellee's injury. The writer is of opinion that the facts testified to by the appellee were sufficient to require the submission of the case to the jury, but a majority are of the opinion that the evidence does not

show any negligence on the part of the Union Saw Mill Company, and that the evidence shows that appellee assumed the risk.

Appellant calls attention to the case of *McEachin* v. *Yarborough,* 189 Ark. 434, 74 S. W. (2d) 228. In that case the court said: "No liability exists against appellants and in favor of appellee under facts and circumstances here presented. It is a fundamental rule in the law of negligence that liability exists when the perils of the employment are known to the employer but not to the employee, and no liability is incurred when the employee's knowledge equals or surpasses that of the employer."

In support of this declaration of law, the court cites 18 R. C. L. 548; *Arkansas Smokeless Coal Co.* v. *Pippins,* 92 Ark. 138, 122 S. W. 113. The court further said in that case: "The uncontradicted testimony here shows that the employer had no superior knowledge to that of employee in reference to nature of the stone being used, therefore no duty to perform the neglect of which would create liability."

The court also said in the same case: "Moreover, it has been the long-established doctrine of this jurisdiction, that an employee assumes all the ordinary risks and hazards incident to his employment."

A majority of the court are of opinion, not only that no negligence of the appellant is shown, but also that the appellee had knowledge of all the facts and assumed the risk. For these reasons the judgment of the court is reversed, and the cause dismissed.