STANDARD OIL COMPANY OF LOUISIANA *v.* WEBB.

4-4701

Opinion delivered October 4, 1937.

Cecil Morgan and Gaughan, Sifford, Godwin & Gaughan, for appellant.

Gordon B. Carlton, J. S. Lake and Winfred Lake, for appellee.

BUTLER, J. On the trial of the case in the lower court there was a verdict and judgment in favor of the appellee from which this appeal is duly and properly prosecuted.

The principal questions raised and argued relate to the refusal of the trial court to direct a verdict in favor of the appellant. The requested instruction was based on the contentions that appellee's injury was the result of his own want of care, and the result of the risk assumed by him. There is no contention that the evidence accepted by the jury was not of a substantial nature and sufficient to sustain the verdict, but the argument is made that if this evidence be accepted as true, it affirmatively appears that it sustains the contentions made by appellant relative to appellee's negligence and the assumption by him of the risk attendant upon the operation which resulted in his injury.

There is a decided conflict in the testimony, but the evidence stated most strongly for the appellee establishes the following facts: appellee's injury occurred while he was in the employ of the Standard Pipe Line Company, Incorporated. This company was merged or taken over by the appellant company which assumed liability for all claims against it. Previous to his employment with the Standard Pipe Line Company, appellee had been a farm laborer. He began to work for the pipe line company about the first of June, 1936, and was assigned work on ordinary jobs as a common laborer.

He did this work for a week or two, and was then assigned as a helper to a certain truck driver, one Swanders. This required the hauling of supplies from the warehouse to various parts of the line where the machines were at work. He worked at this a week, and was then assigned as helper to another truck driver, one Parker. Appellee was instructed to obey the orders of the truck drivers with whom he worked and he performed the same duties with both drivers. He received his injury on the 16th day of June, 1936, for which he brought suit and recovered damages.

On that day, appellee and his superior, Parker, went to appellant's warehouse for the purpose of loading steel drums containing gasoline, weighing 450 or 500 pounds each. The ordinary way of performing this work was to back the truck up to the edge of the concrete floor of the warehouse, then using a plank, 2 x 10, about ten feet long, recently procured and placed in the warehouse for that purpose. The floor of the truck was about 3½ feet above the floor of the warehouse. In loading the drums of gasoline, one end of this plank was placed upon the floor of the warehouse and the other upon the floor of the truck. The drums were then rolled to the end of the plank and the driver of the truck and appellee would place themselves at opposite ends of the drums and roll them upward on the plank into the truck. This is the manner in which this work had been performed previous to the time of appellee's injury.

Appellee had never been required to load a drum by himself, but had always been assisted by the driver of the truck. On this occasion, he and Parker had loaded one or two drums in the usual manner when Parker told appellee to load another as he was going back into the warehouse. Appellee told Parker he didn't believe he could load the gasoline by himself as it was too heavy. Parker made no reply, but proceeded into the warehouse. Appellee rolled a drum to the end of the plank and waited for Parker's return. He came back in two or three minutes and said, in effect, "You'd better load that gasoline or we will get a man that will." Appellee pro-

ceeded then to attempt to roll the drum up the plank without help. In doing this, he placed the center of the drum on the plank, got behind it and straddled the plank, and rolled it as far as he could while in that position. At this time Parker had again gone into the warehouse and appellee, believing that he could get the drum no further up the plank while straddling it, attempted to change his position by moving his right leg over to the left side. While in the act of changing his position, at the same time trying to hold the drum in its position on the plank, appellee lost his balance and suffered an injury to his back. Just about this time he observed grease spots on the plank which he had not before noticed. Appellee held the drum until another employee came to his assistance and, together, they rolled the drum into the truck.

Since there is no complaint made as to the amount of damages awarded, it becomes unnecessary to discuss the nature and extent of the injury claimed to have been sustained by appellee.

On the question of appellee's negligence, appellant contends that the injury did not result from the order of Parker to appellee to roll the drum unassisted, but from the careless and negligent manner in which such order was undertaken. One of the errors complained of in the motion for a new trial was the refusal of the trial court to direct the jury that if it should find appellee negligent in changing his position from astride the plank while attempting to hold the drum of gasoline and that such negligence was the sole cause of his injury, it would be the duty of the jury to find for the appellant. The instruction overlooked the fact that appellee was acting under the express order of his superior, Parker, who, if not present at the instant when his order was being obeyed, had been but a moment before and had personal knowledge of the weight of the object to be moved and the difficulty attendant upon the appellee in obeying his order. Parker testified that he had moved one of the drums unaided and he, therefore, knew better than ap-

pellee the trouble which might be encountered in carrying out the order.

The case of *Kurn* v. *Faubus,* 191 Ark. 232, 84 S. W. (2d) 602, relied on and quoted by appellant, is not in point, for in that case the servant did not undertake to follow the directions of his foreman, but to proceed by a different method which he was pursuing when injured.

Giving to the evidence of appellee its greatest weight in his favor, it may be reasonably inferred that he was trying to obey the order of his superior under the fear that he would lose his job if he did not do so. While it is in proof on the part of the appellant that Parker had no authority to hire or fire, it is admitted that appellee was under duty to obey his orders. It is not shown that appellee knew of the restricted authority of Parker; but, even so, he might have reasonably apprehended that a report from Parker that he would not obey orders would result in his discharge. Appellee simply undertook to obey the order and it appears that it was necessary for him to change his position in order to accomplish his purpose. We, therefore, see no negligence on his part in acting in this manner.

On the contention that appellee assumed the risk of the danger arising from the movement of the drum, reliance is placed upon the following statement, quoted with approval in *Kurn* v. *Faubus, supra*: "Knowledge, then, or opportunity by the exercise of reasonable diligence to acquire knowledge, of the peril which subsequently results in injury to the employee is the foundation of the liability of the employer. Liability exists when the perils of the employment are known to the employer but not to the employee; and no liability is incurred when the employee's knowledge equals or surpasses that of the employer."

As further authority for the contention that the risk was assumed by appellee, appellant cites the cases of *Missouri Pacific Rd. Co.* v. *Lane,* 186 Ark. 807, 56 S. W. (2d) 175; *McEachin* v. *Yarborough,* 189 Ark. 434, 74 S. W. (2d) 228; *Sinclair Refining Co.* v. *Duff,* 191 Ark. 888,

88 S. W. (2d) 322; *National Refining Co.* v. *Wreyford*, 189 Ark. 598, 74 S. W. (2d) 633. The facts in these cases make them readily distinguishable from the case at bar. Here, the appellee was acting under the express orders of his superior upon whose judgment he had a right to rely. Parker was a man of experience, while appellee was not; Parker had loaded drums of gasoline unassisted, but the appellee had not. It is clear, therefore, that appellee's experience and knowledge did not equal that of his superior, and, while he knew that the operation he was undertaking would be difficult, there is nothing to show that he appreciated its attendant dangers. Although Parker was not actually present when appellee attempted to obey his order, he was virtually so, and he not only gave the command to appellee, but, when he discovered it had not been obeyed, repeated it with emphasis accompanied by a covert threat. It was a question for the jury as to whether or not the danger of rolling the gasoline drum upward upon the plank by one unassisted was so open and obvious that a reasonable person would have refused to obey the order.

The facts bring this case within the general rule that the question of assumption of risk is generally one for the jury, and always so where a servant is acting in obedience to the orders of a superior unless it appears that he both knew and appreciated the danger in obeying such order; or, where such danger is so obvious that a reasonably prudent person would refuse to obey. This rule has been announced in many of our cases, among which are *Woodley Petroleum Co.* v. *Willis*, 172 Ark. 671, 290 S. W. 953; *Berry's Sons Co.* v. *Presnall*, 183 Ark. 125, 35 S. W. (2d) 83, and *Chapman* v. *Henderson*, 188 Ark. 714, 67 S. W. (2d) 570, cited in brief of appellee. The court correctly submitted the defense of assumed risk to the jury and its verdict against the contention of appellant has some substantial evidence to support it.

It is lastly insisted that the trial court erred in its declarations of law given to the jury at the request of the appellee. Instruction No. 1, in effect, told the jury that if the loading of the drum of gasoline unassisted was

because of the order and direction of Parker who knew, or should have known, by the exercise of ordinary care, that it would be unsafe "under the circumstances" to load the drum unassisted and injury resulted to appellee while attempting to carry out the order, the verdict should be for the appellee unless the jury should find from the evidence that he knew and appreciated the danger, or, that the danger was so obvious that no person of ordinary prudence would not have undertaken to obey the order.

There was no general objection to this instruction. The specific objections were, first, that it failed to take into account the defense of contributory negligence. This was not error. The relation of master and servant obtained between the parties, the master being a corporation, and in such cases contributory negligence is no longer a defense. The comparative negligence doctrine now obtains in this state.

The second specific objection was the same as the first presented in different language. The third and fourth were that the instruction ignored the capacity of appellee to perform the command and his assumption of risk, if he knew of his lack of ability, and that the instruction failed to notice the requirement that it must appear that the work was being done under the direct command and supervision of the master.

In the argument, appellant objects to the wording of the instruction because of the words, "under the circumstances." This is a matter of form and not of substance, and if the appellant thought the instruction inaccurate, attention of the trial court should have been called to it by special objection. We think the specific objections made are without merit as they deal with the question of assumed risk which was fully covered by other instructions given.

Instruction No. 2 given by the court on the doctrine of assumed risk is objected to because of the language used on the ground that it applies only to cases where the employee is undertaking to do the work under the direct command and supervision of the employer. We

think the evidence is not such as to warrant this objection. This instruction was further objected to because it assumes that the master was negligent. This would be a strained construction and we do not think it justified.

Instruction No. 3 objected to was also on the doctrine of assumed risk, which, without discussing it, we deem it sufficient to say was fully justified by the evidence.

Appellee's instruction on the measure of damages is also objected to and argued in its brief. The correctness of this instruction becomes immaterial when no complaint is made as to the amount of the award.

Numerous objections were made to the modifications by the court of instructions requested by the appellant. It would unduly lengthen this opinion to notice the various objections in detail. It is sufficient to say that when the instructions given are considered as a whole, the questions at issue seem to have been fully and fairly submitted to the jury, and the modifications by the court of appellant's instructions serve only to harmonize these with the others given. We find no prejudicial error in any of the court's declarations of law.

It follows, from the views expressed, that the judgment of the trial court is correct, and it is, therefore, affirmed.