## BURWELL v. RAILWAY EXPRESS AGENCY, Inc.

### No. 7139.

District Court, D. Massachusetts.

Jan. 17, 1939.

Henry Wise, of Boston, Mass., for plaintiff.

Austin M. Pinkham, of Boston, Mass., for defendant.

McLELLAN, District Judge.

The defendant demurred to each of the two counts in the plaintiff's declaration before the Rules of Civil Procedure went into effect. No objection was interposed to the applicability of the former procedure or to treating the demurrer as the equivalent of the motion to dismiss for which the new rules provide.

The ground of the demurrer to each count is that the matters contained therein are insufficient in law to enable the plaintiff to maintain her action. Both counts depend on the Federal Employer's Liability Act, 45 U.S.C.A. §§ 51–59. The first count is for conscious suffering, so called, and the second count for death.

The Act provides among other things a cause of action for injury and for death resulting from negligence of any of the officers, agents or employees of a common carrier. The negligence alleged in each count of the declaration is in substance that the plaintiff's intestate, who was employed as a bookkeeper by the defendant, was required to do more work than his condition warranted and that in attempting to do it his health was impaired. As heretofore stated, the first count alleges conscious suffering; the second the plaintiff's intestate's death.

The plaintiff seeks to apply here the doctrine whereby an employer who directs an employee to attempt to do something dangerous and beyond his strength, such as the lifting with others of heavy rails, with resulting injury, may be liable therefor. Cincinnati, N. O. & T. P. Ry. Co. v. Tucker, 168 Ky. 144, 181 S.W. 940. See, also, Bernabeo v. Kaulback, 226 Mass. 128, 115 N.E. 279. I have been shown no authority and have seen none which furnishes a basis for such extension of this doctrine as is essential to support the declaration. The Act is entitled "Liability for Injuries to Employees". It provides a remedy for an "injury" due to negligence, and as I construe it, for death resulting from such injury. The declaration fails to state sufficient facts to show this. See Maggelet's Case, 228 Mass. 57, 116 N.E. 972, L.R.A.1918F, 864.

The demurrer is sustained as to each count of the declaration.