BENEDUM-TREES OIL COMPANY *v.* SUTTON.

4-5547                                                    130 S. W. 2d 720

Opinion delivered July 3, 1939.

*McRae & Tompkins,* for appellant.
*Bush & Bush,* for appellee.

McHANEY, J. Appellee, a roustabout in a crew of six men working for appellant, brought this action against it to recover damages for personal injuries sustained by him. He alleged that he and the others were engaged in hauling tools and equipment to one of appellant's oil wells by means of a tractor and trailer and that said equipment was operated by the foreman and had reached said well and backed up to it for the purpose of unloading the equipment to be used in swabbing the well; that the trailer was attached to the tractor by a pin which connected the draw bar of the trailer to the rear of the tractor; that when they reached said well, the foreman directed him to pull the pin to disconnect the trailer from the tractor before another employee was ready to assist him; and that, when he pulled the pin, the weight of the load on front end of the trailer caused the draw bar or coupling pole to drop or fall about fourteen inches, striking the great toe of his left foot and causing a fracture. The

negligence laid is that the foreman negligently ordered him to remove said pin when he (the foreman) knew, or by the exercise of ordinary care could have known, that appellee's fellow servant was not ready to assist him, also that said foreman knew or should have known that the ground on appellee's side of the trailer was wet and that the trailer would settle and turn when the pin was removed. The defense was a general denial, a plea of contributory negligence, assumed risk and a settlement and full release.

Trial resulted in a verdict and judgment against appellant for $400. This appeal followed.

We think the court erred in refusing to direct a verdict for appellant at its request on two grounds: 1. that if any negligence was shown appellee assumed the risk, and 2, that he settled his claim with appellant and executed a valid and binding release of all claims for damages.

Appellee had been working for appellant in the same character of work about eight months. Appellant was operating a number of oil wells in the Nevada county field and it was the duty of a roustabout crew to keep said wells working. The particular well on which they were about to work when appellee was injured was Grove No. 1. It had sanded up and the crew had gone there to pull the rods and clean out the tubing, called swabbing the well so that it would flow or pump. The tools and equipment were loaded on the trailer with the greater part of the load toward the front end to keep the two wheel trailer from kicking up when disconnected from the tractor by pulling the pin. The accident happened about 7:30 a. m., September 1, 1937. It had rained the night before and the ground was wet, soft and slippery, all of which appellee knew as well as the foreman did. He knew they had some trouble in spotting the trailer next to the derrick because of this condition. He says the foreman directed him to pull the pin before the fellow-servant was ready to help him hold the draw bar and keep it from falling. The fellow-servant was standing by pulling on his gloves. He knew that fact. He made no request for assistance. He

knew that when he pulled the pin the draw bar would fall and yet he went ahead and pulled it with his foot in a position that the end of the. draw bar fell on it breaking his great toe. It is difficult to perceive wherein appellant was negligent, but if we assume negligence from the giving of the order, appellee knew the fellow workman was not ready to assist him and he must. be held to have assumed the risk of going ahead and not waiting momentarily until he had assistance. It is well settled that an employee assumes all the ordinary risks and hazards incident to his employment and .where his knowledge thereof equals or exceeds that of the employer there is no liability. *McEachin* v. *Yarborough,* 189 Ark. 434, 74 S. W. 2d 228; *Kurn* v. *Faubus,* 191 Ark. 232, 84 S. W. 2d 602; *Stevenson* v. *Phillips,* 191 Ark. 418, 86 S. W. 2d 422; *Union Saw Mill Co.* v. *Hayes,* 192. Ark. 17, 90 S. W. 2d 209; *Mid Continent Quicksilver Co.* v. *Ashbrook,* 194 Ark. 744, 109 S. W. 2d 448; *J. L. Williams & Sons, Inc.* v. *Thompkins,* 195 Ark. 1146, 114 S. W. 2d 845.

Appellant and appellee made two settlements of this controversy. The accident happened, as before stated, September 1, 1937. He was on the same day taken by appellant to a. doctor in Camden, who x-rayed his. foot, found the broken toe, set the bone and placed the whole foot in a. plaster cast. This cast was removed October 11, 1937, at which time the doctor advised him his foot would be all right. On September 27, fifteen days before the doctor so advised him, he settled with appellant and executed a release for the sum of $60.75. This release was not introduced in evidence, but appellee admitted its execution and sought to avoid it by stating this was a payment for half time. On January 11, 1938, he executed another release to appellant for an expressed consideration of $160.75. This release is in the record and completely exonerates appellant from further liability. Appellee seeks to avoid this result by saying he relied on the doctor's statement on October 11, that his foot would be all right. This second release was executed exactly three months after the doctor is said to have made the statement, during all of which time he says his foot was

not all right. Under these circumstances he was not justified on relying on the doctor's statement and must be held to have settled on his own judgment. See *Toland* v. *Uvalde Construction Co., ante* p. 172, 127 S. W. 2d 814.

The judgment will be reversed and the cause dismissed.