A. A. ELECTRIC COMPANY *v.* RAY.

4-6202                                    149 S. W. 2d 38

Opinion delivered February 24, 1941.

*Vol T. Lindsey,* for appellant.

*John W. Nance* and *Earl C. Blansett,* for appellee.

McHANEY, J. Appellee, an employe of appellant, a foreign corporation, brought this action against it to recover damages for personal injuries sustained by him when a tree he was engaged in sawing down fell to the ground and kicked back, striking his right leg and crushing it so that it had to be amputated. The grounds of negligence charged and submitted to the jury are "failure to instruct appellee how to do his work in safety" and "failure to provide appellee a safe place in which to work." Appellant's defense was a general denial of the allegations of the complaint, and pleas of contributory negligence, assumed risk and unavoidable accident. Trial to a jury resulted in a verdict and judgment against appellant in the sum of $24,750, from which is this appeal.

At the conclusion of all the evidence, appellant moved the court to direct a verdict in its favor on the ground, among others, that the evidence was not sufficient to take the case to the jury. This was renewed in requested instruction No. 1. Both were denied and it excepted.

These requests form the basis for the principal argument of appellant for a reversal and dismissal of the action, and we agree with appellant that the court erred in this respect.

The undisputed facts are that appellant is a foreign corporation and had contracted with the Carroll Electric Cooperative Corporation to construct for it an electric line through Benton and Carroll counties for the distribution of electricity, under a set-up authorized by the Rural Electrical Administration of the United States, which contract required the clearing of a right-of-way, the setting of poles and the running of lines thereon; that appellee was employed by appellant with others to clear the right-of-way by felling trees, cutting and removing bushes, saplings and other undergrowth; that he had been so employed about four or five weeks prior to June 26, 1939; that on said date the foreman of the crew in which appellee was working took this crew to the Simms farm southeast of Centerton in Benton county and directed them to cut two trees that were leaning over into the right-of-way; that appellee and another began to saw down one prong of a large sycamore tree, there being

two prongs or trees growing out of the same bole, the one on which they were sawing being about 30 to 36 inches in diameter and 50 or 60 feet tall; that two other employees began sawing down another and smaller sycamore tree about 14 inches in diameter some eight or ten feet east of the one on which appellee was working, he standing on the east side of his tree and facing to the south; that the smaller sycamore tree was felled first, an alarm being given by one of the cutters of its imminent fall by shouting "timber," so that all others in danger might get out of the way; that the smaller tree was felled to the north, was trimmed up and sawed into one or more cuts; that some minutes thereafter the tree on which appellee was working was about to fall when he himself gave the alarm by shouting "timber"; and the tree fell to the south, the trunk rebounded, struck him on the right leg and crushed it so that it had to be amputated. Appellee testified that he did not remember shouting "timber," but did not deny that he did so. The man on the other end of his saw says that he did and others that they think he did. He also testified that he did not know the other sycamore had been felled or that it had been trimmed and sawed into cuts, although it fell in a very few feet of him. He said the reason he did not get out of the way of the tree he was cutting was that he started going east and tripped over one of the log cuts of the other tree, not knowing it was there, and that the butt of his tree caught his leg against the log as he attempted to get away. He and others testified that the log cut over which he attempted to escape rolled down a slight decline toward appellee for a distance of two or three feet and he said he did not know that it had done so. It is undisputed that the tree fell in the exact direction he and his co-worker intended for it to fall and that it would have been practically impossible for it to have been forced to fall any other direction as it was leaning heavily to the south. By the use of ropes it might have been made to fall in another direction, but it was not customary to use ropes except to prevent trees from falling across fences, roads or other property, thereby damaging same. These are substantially the essential facts stated in the light most favorable to appellee. Do they

make or establish a case of actionable negligence for the jury against appellant? We think not.

One of the grounds of negligence relied on is that appellee was an inexperienced tree cutter and that it was appellant's duty to warn him of the danger of getting hurt by a falling tree. In the first place, he was not an inexperienced employee, nor was he a mere youth. He is a man and was 36 years of age at the time of his injury and had been working at this same kind of work for appellant for about five weeks, not all the time cutting and felling trees, but it is undisputed that he had assisted in so doing on many occasions, whenever it became necessary in clearing the right-of-way. He had also lived on a farm and had cut firewood at times. But assuming that he was inexperienced in the matter of felling trees, what warning could the master have given him that he did not already know? He must have known as well as appellant that a falling tree is dangerous and that it is not safe to stand close by when one is ready to fall, especially a large one, as this one was. They were instructed by the foreman to shout the warning "timber" when a tree was about to fall and this was done at the time the smaller sycamore fell and by appellee when his tree fell. No one could have anticipated or foreseen that this tree would certainly kick back 10 or 15 feet when it hit the ground, but the very object of the warning was to get every one out of danger, and most certainly the one who gave the cry must have known and appreciated the danger and, therefore, needed no instruction as to how to do his work in safety. It was simply a matter of self-preservation against a danger as well known to appellee as to appellant, and no instruction in this regard was necessary, and a failure to instruct was not negligence. *McEachin* v. *Yarborough,* 189 Ark. 434, 74 S. W. 2d 228; *Union Saw Mill Co.* v. *Hayes,* 192 Ark. 17, 90 S. W. 2d 209.

The other ground of negligence relied on is "failure to provide appellee a safe place in which to do his work." The master is not an insurer of the safety of his employe and is required only to exercise ordinary care to furnish the employe a reasonably safe place in which

to work. Now, it is said that appellant failed in this regard in that a fellow servant or fellow servants of appellee cut down a 14 to 16-inch tree within a few feet of him, sawed it into log cuts, one of which rolled down two or three feet toward him, and that all this was done without any knowledge on his part that it had been done. He insists that it was negligence for his fellow servants to cut down this other tree, saw it up and leave it in his path of escape when his tree fell, especially in letting one of the logs roll closer to him. The physical facts, as well as all the other witnesses, contradict him in stating that he did not know of the presence and proximity of this other tree and the logs. He is a man of mature years, with good eyesight and with his sense of hearing unimpaired. The tree, the log of which he tripped over, fell within a few feet of him and was from 14 to 16 inches in diameter at the butt. It must have fallen with tremendous force, making a loud crashing noise. Moreover, the cry of warning "timber" was given. His own helper heard it and got out of the way and says appellee did also. He must have heard both the alarm and the falling of the tree and cannot be heard to say he did not. At least his testimony that he did not is not substantial. This is a question of law and not of fact. *Mo. Pac. Rd. Co.* v. *Davis,* 197 Ark. 830, 125 S. W. 2d 785.

As said by this court in *Mo. Pac. Rd. Co.* v. *Martin,* 186 Ark. 1101, 57 S. W. 2d 1047, "It would be placing too high a duty upon the master to require him to keep the employe's place of work clear of every object upon which an employe might step and slip or fall. They are not insurers, but are only held to the exercise of ordinary care to furnish a safe place to work. This language was approved in *Caddo River Lumber Co.* v. *Henderson,* 197 Ark. 724, 109 S. W. 2d 425." There was no negligence in cutting and felling the tree over which appellee tripped. The employees were there for the very purpose of felling both trees which was necessary for the purpose of clearing the right-of-way. It had been there only a few minutes with insufficient time to have removed it, and appellee must be held to have known it was there.

No actionable negligence of appellant being shown, there can be no recovery, and the trial court erred in refusing to direct a verdict for it at its request. The judgment will be reversed and, as the cause has been fully developed, it will be dismissed.

HUMPHREYS and MEHAFFY, JJ., dissent.