CREBBIN *v.* DELONEY.

Opinion delivered April 8, 1905.

MORTGAGE—FORECLOSURE—RENTS.—Where a mortgagee successfully maintained a suit in chancery to foreclose his lien and an action at law to recover possession of the land, so that the rents might be applied to the mortgage debt, the amount of rents collected should, on a final decree of foreclosure, be deducted from the mortgage debt, and judgment be given for the residue.

Cross appeals from Howard Chancery Court.

JAMES D. SHAVER, Chancellor.

Affirmed.

STATEMENT BY THE COURT.

On June 19, 1899, appellant brought a suit in the Howard Chancery Court to enforce a mortgage lien upon certain lands, and on January 29, 1900, he brought suit in the circuit court in ejectment for the possession of the land, to the end that the rents and profits might be applied to the payment of the mortgage debt' sued on in the chancery court. Both of these suits progressed to final judgment, both were tried together by the same judge by consent, and in both cases judgment was rendered by the same court against Deloney for $2,578.26. Crebbin appealed from the chancery case, and Deloney took a cross appeal. Deloney alone appealed from the judgment in the law case. It appears from the proof and the findings of the court in each of said cases that Deloney had borrowed $1,997.80, but under the contract was required to execute his note in a larger sum, and to pay interest in addition to this. The court below found that the mortgage was usurious, and under the laws of Missouri the interest in each case was forfeited. Under the decree the interest was forfeited to the school fund of Howard County, because it was usurious interest. Both cases were submitted together by agreement to the Supreme Court for its consideration. And this court held that the lower court was correct in holding the contract usurious and forfeiting the interest under the Missouri laws. But the penalty which attached to usury in that State could not be enforced in this State by applying it to the school fund, and the cases were reversed upon this ground. The causes were remanded to the lower court "with directions to enter a decree in accordance" with the opinion, "and to proceed to foreclose the mortgage acocrdingly." *Crebbin v. Deloney,* 70 Ark. 493. From the time the said causes were appealed to this court to the time the mandate was returned to the Howard Chancery Court the appellant had collected $825 by reason of being in possession of the property and collecting the rents therefrom, and the court deducted this amount from the $1,997.80, and entered a decree for the balance.

*W. C. Rodgers* and *H. M. Humphreys,* for appellant.

*W. S. Eakin* and *Joseph W. & Menifee House,* for appellee.

WOOD, J.  The appellant contends that the court erred in deducting the sum of $825, the amount collected as rents, from the amount found due on the mortgage debt.  There was but one debt, one cause of action.  The remedies at law and in chancery were but concurrent for the recovery and satisfaction of a single demand.  The causes were by consent submitted and heard together, and the directions of this court to the chancery court to foreclose the mortgage in accordance with the opinion authorized the chancery court to ascertain the amount that was then due on the mortgage debt, less the amount that had been collected as rents since appellant had obtained possession of the premises, and to decree accordingly.  This decree of foreclosure in the chancery court was an end of the entire litigation.  The object of the ejectment suit was to get possession of the rents and profits of the land mortgaged, to the end that these might be appropriated to the payment of whatever might be found due on the mortgage debt.  The court very properly so applied them.  The appellant mistakes when he says that this court affirmed a judgment at law for $2,578.26.  This court, while passing upon both cases, only affirmed that part of the decree which was for the principal of the debt, eliminating the interest.  The principal, it appears, was $1,997.80; all over that being interest.  The court below did not err therefore in treating the $1,997.80 as the principal of the debt due, and in deducting therefrom the sum of $825, the amount which appellant had received as rents.

The decree is affirmed.