CRISMON v. KINGMAN PLOW COMPANY.

Opinion delivered January 13, 1913.

MORTGAGES—DEED ABSOLUTE IN FORM.—A deed, though absolute on its face, is regarded in equity as a mortgage, when as between the parties the instrument is given to secure a debt.

Appeal from Randolph Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*C. H. Henderson,* for appellant.

The burden of proof is on the party alleging that a deed which is absolute on its face was intended as a mortgage, and such proof must be clear, unequivocal and convincing, some jurisdictions even going to the length of holding that it must be beyond a reasonable doubt. 88 Ark. 299; 27 Cyc. 1025b; 187 Mo. 46; 45 Mich. 533; 61 N. Y. App. Div. 315.

Under the evidence the deed to appellee, coupled with the stipulation to reconvey, or allow appellant to redeem within one year, constituted, not a mortgage, but rather a conditional sale. 35 Am. St. Rep. 868; 27 Cyc. 998; *Id.* 1010.

The redemption agreement was itself void, not being contained in the face of the deed and Kraft had no authority to bind his principal in such an instrument. 27 Cyc. 1000. The instrument given, if avowedly a mortgage, would have been ground for bankruptcy. Fed. Cases, No. 6603; 2 Hask. 90; 27 Cyc. 1051; 22 Am. Dec. 212; 16 N. J. Eq. 189.

*Witt & Schoonover,* for appellee.

1. The evidence makes it certain that there was no absolute sale of the property, and that the transaction was intended to secure the debt which appellant then owed appellee is equally certain. As to what is a mortgage, see 15 Am. & Eng. Enc. of L (1 ed.), 727, and authorities cited in Words & Phrases, vol. 5, title, "Mortgage."

2. A chancellor's findings, while not conclusive, will not be disturbed unless against the clear preponderance of the evidence. 68 Ark. 314; 71 Ark. 605; 63 Ark. 134; 73 Ark. 489; 67 Ark. 200; 77 Ark. 305; 100 Ark. 555; *Id.* 433.

SMITH, J. On June 27, 1911, the Ripley County Bank, a Missouri corporation, filed suit in the chancery court of Randolph County, making J. A. Crismon and Maggie Crismon, his wife, and the Kingman Plow Company, and others defendants. The suit was to enforce the lien of a certain mortgage on property situate and being at Maynard, Arkansas. There was no controversy over the bank's right to foreclose its mortgage, but the real litigation grew out of the answer of the plow company and its cross complaint against its codefendants, Crismon and his wife. It was there alleged that a certain deed to the property in controversy, which had been executed by defendant Crismon to it, was not in fact a deed, but was instead a mortgage.

The Crismons answered the cross complaint and alleged that the deed was what it purported to be, and that it had not been given and was not intended as security. The court ordered a foreclosure of the bank's mort-

gage and rendered a decree in the cross action, holding the deed to be a mortgage.

The appeal is from this decree.

It appears that Crismon was a merchant at Maynard and that he dealt largely in farming implements which he bought from the plow company and he admitted owing this company $4,109.62 at the date of the execution of the instrument in question. A Mr. Kraft, who represented the plow company, testified that the affairs of Crismon had reached a crisis, and that he was very apprehensive about the condition of his company's debt, and he says he urged Crismon to execute a deed to the property in question, but that he declined to do so and only consented after an agreement was reached that the company would give him an instrument, showing that the deed was intended as security and giving him a year to redeem. Witness further testified that he agreed to this when Crismon gave him as additional collateral security twenty-two farmer's notes, aggregating $1,030.20. There was no change in the possession of the property conveyed, and Crismon continued to operate the mill, situated on the property, and the plow company exercised no control over the property, but did take out a policy of insurance.

The stipulation for a reconveyance was as follows:

"Know all men by these presents, that for and in consideration of the sum of one dollar and other good and valuable considerations, to it in hand paid by J. A. Crismon, the Kingman Plow Company, a corporation, hereby agrees not to sell any of the real estate conveyed to it this day by J. A. Crismon and wife for the term of one year.

"It being understood that said real estate is to be held by said Kingman Plow Company, as security for the money owing it by said Crismon, and upon the payment of said money by said Crismon to said Kingman Plow Company, the said Kingman Plow Company agrees to deed said property back to said Crismon. Dated this 1st day of December, 1910."

The evidence upon the part of Crismon tended to show that he had offered to execute a mortgage, but the plow company's representative had declined to accept one, and that he executed the deed for the recited consideration of $3,750, and in payment of that much of his indebtedness, and that he secured the remaining $350 by putting up collateral notes for that purpose.

The whole case presents but one question for the decision of this court, and that is whether the instrument exhibited is a mortgage or conditional sale.

The chancellor expressly found the fact to be that the instrument in question was not executed as a deed nor intended as such, but was executed "for the security of the indebtedness owing by J. A. Crismon to the Kingman Plow Company, and that the said recorded instrument was not a deed, nor was the transaction between the said parties a sale." We think the evidence supports this finding of fact and under the authorities this constitutes a mortgage and not a conditional sale.

"A deed of conveyance of land, absolute and unconditional on its face, but intended and understood by the parties to be merely a security for the payment of a debt, or the performance of some other condition, will be regarded and treated in equity as a mortgage, giving to the parties the relative rights and remedies of mortgagor and mortgagee, and nothing more. It is a settled doctrine of equity, that the form of a transaction will never preclude inquiry into its real nature, but in all cases the intention of the parties must control, irrespective of the form. And consequently, if a conveyance is made as a security for money, in whatever form the conveyance is made, or whatever cover may be used to disguise the transaction and hide its real character from others, as between the parties and as to all persons who have notice that the property is merely held as collateral security, it will be held and treated as a mortgage. Every deed, therefore, whether absolute or conditional on its face, and whether made to a trustee or not, if made for the sole purpose of securing a debt, is a mortgage, and can be enforced only as such." 27 Cyc., p. 991.

The requirement announced in the case of *Rushton*
v. *McIllvene*, 88 Ark. 301, and in the cases there cited,
that to overcome the presumption of law that a deed,
absolute on its face, is what it purports to be, and that
to overcome this presumption the evidence must be clear,
unequivocal and convincing is fully met here; in fact,
both parties admit the deed was not absolute, but differ
only as to whether it is a mortgage or conditional sale.
    Affirmed.