## DICKEN *v*. SIMPSON.

### Opinion delivered March 8, 1915.

1. DEEDS—DEED AS MORTGAGE—INTENTION OF THE PARTIES.—A. deeded land to B. for a certain consideration. At the same time the parties entered into a written contract whereby it was agreed that A. might buy back the property within a year, for the consideration named in the deed and certain fixed interest. *Held*, the two instruments being contemporaneous will be construed together, and that when so construed the deed will be regarded as a mortgage with a right to A. to redeem within one year.

2. DEEDS—DEED AS MORTGAGE—EQUITY RULE.—Courts of equity will be inclined to construe contracts as mortgages rather than as sales, whenever the real character of the contract may be doubtful.

3. DEEDS—DEED AS MORTGAGE—PROOF.—When a deed not absolute on its face and a contract, drawn contemporaneously, when construed together, do not show a sale, the proof, in order to show that a mortgage was intended, need not be as clear and unequivocal, as when the deed is absolute on its face.

4. APPEAL AND ERROR—AFFIRMANCE OF DECREE—REASONS OF CHANCELLOR.—The decree of a chancery court will be affirmed if correct upon the whole case, though the decree may be based upon erroneous conclusions of fact, and, when the decree is correct, the judgment will be affirmed, though the reasons given by the court therefor are unsound.

5. MORTGAGES—MORTGAGEE IN POSSESSION—RENTS.—Where a mortgagee in possession collects rents on the mortgaged premises, he must account for the same to the mortgagor, or to the purchaser of the mortgagor's equity of redemption.

Appeal from Drew Chancery Court; *Zachariah T. Wood*, Chancellor; affirmed.

#### STATEMENT BY THE COURT.

F. H. Boyd owned a certain tract of land in Ashley County upon which he had placed a mortgage to the New England Security Co., for five thousand ($5,000) dollars. Boyd entered into a contract with appellants by which he executed to appellants a warranty deed to the land in consideration, that appellants would assume the payment of the mortgage indebtedness, and pay in addition, to Boyd, the sum of one thousand, five hundred ($1,500) dollars. The appellants at the same time, exe-

cuted a written contract with Boyd, which, after reciting the sale of the land contained the following:

"That the said Frank H. Boyd shall have the right, at any time within one year from the date of this instrument, to redeem said lands by paying the amount of the purchase price hereinafter above recited, with interest thereon at the rate of 10 per cent per annum. It is further understood and agreed that neither party to this contract shall have the right to sell any of the above property for the full period of one year from date of this contract; and further stated that parties of the first part shall have the option during that time to take it at such price, and in the event that they shall decline to take it at such price then that they will convey to the party offering to purchase, upon payment of the purchase price, with warranty against all persons claiming under or through them; it being understood that they are to be first reimbursed out of the proceeds, for all money expended by them on account of this purchase. It is further especially understood and agreed, that this option to redeem, shall continue only for the space of one year from the date of this contract, unless, the said Frank Boyd shall have exercised such right before that date, then this contract shall be and become void and of no effect, and thereafter parties of the first part shall hold said property free from any equities or right of redemption on the part of the party of the second part, or his wife."

After the execution of the deed and the written contract, appellants took charge of the land and rented same for the year 1913, for the sum of seven hundred ($700) dollars.

The appellee, claiming to have succeeded to all of the rights of Boyd, under the contract of October 24, 1912, brought this suit against appellants, alleging, among other things, that he had complied with the contract by tendering all the amounts due thereunder, and set up that he was entitled to a deed from the appellants, and alleging that appellants were in possession of the land as mortgagees and had collected the rents for the year

1913, amounting to seven hundred ($700) dollars, and praying that he be awarded these rents. The answer of the appellants, after conceding that appellee had acquired the rights of Boyd, under his contract with appellants, and that appellee had complied with the terms of the contract so far as entitling him to the equity of redemption and to a deed from the appellants, denied that Boyd, or that appellee, as successor to the rights of Boyd under the contract, was entitled to the rents for the year 1913. They set up that under their deed from Boyd, and under the written contract, that they were the owners of the legal title of the land involved, and were entitled, as such holders of the legal title, to collect the rents for the year. They denied that they were holding the land as mortgagees.

The cause was heard by the court upon an agreed statement of facts, in which the deed from Boyd to appellants and the separate written contract between Boyd and appellants, of October 14, 1912, were exhibited and in which it was stated that the only issue between the parties was to determine who owned the rents for the year 1913.

In addition to the deed and contract, certain other documentary evidence was set forth as agreed evidence in the record upon which the chancellor's finding and decree were based, and we shall refer to such of these as may be necessary in the opinion.

The decree recites that, "Upon the agreed statement of facts and agreed evidence thereto attached the court finds for the plaintiff, C. M. Simpson, as to the rents involved, amounting to the sum of seven hundred ($700) dollars." The court rendered a decree in favor of the appellee for that sum.

This appeal followed.

*Robert C. Knox*, for appellant.

The transaction between Boyd and appellants was not in the nature of a mortgage, but a conditional sale, and the legal title was vested in appellants. 88 Ark. 299; *Id.* 369; 75 Ark. 551; 38 Ark. 264. A contract for

resale at the same price does not destroy the character of a deed as an absolute conveyance. 3 Ark. 364; 5 Ark. 321.

The rents follow the legal title. Appellants, therefore, having the legal title, and being in possession of the property, were entitled to the rents. 10 Ark. 9; 31 Ark. 429; 10 Ark. 602; 92 Ark. 315; Jones, Landlord & Tenant, par. 658; 104 Ill. 349.

Boyd could not convey the rents by the deed to Simpson. His only interest in the land was an option to repurchase, hence, having no interest in the rents, he could convey none.

*Williamson & Williamson,* for appellee.

1. The contract in this case constitutes a mortgage in equity rather than a conditional sale. 1 Jones on Mortgages, § 257; 7 Ark. 505; 13 Ark. 112; 18 Ark. 34; 38 Ark. 207; 88 Ark. 336; *Id.* 363; 95 Ark. 501; 106 Ark. 170.

The extrinsic facts and circumstances, especially when taken with the presumption existing in favor of the Chancellor's decree, take this case out of the line of cases cited and relied on by appellants, and at least raise that doubt which courts of equity resolve in favor of "the mortgage, and not a conditional sale."

The contract being construed by the court to be a mortgage, it follows that appellants were accountable to appellee for the rents. 27 Cyc. 1838, c; 40 Ark. 276, 282; 95 Ark. 501; 75 Ark. 59; 55 Ark. 1.

2. Appellee would be entitled to the rents, even if the contract be held to be a conditional sale. 10 Ark. 9; 92 Ark. 319; 39 Ark. 304; 41 Ark. 282; 33 Ark. 237; 4 Crawford's Dig., 309-C.

WOOD, J., (after stating the facts). (1). The Chancellor was correct in holding that the appellants were liable to the appellee for the rents of the year 1913. The deed and written contract were contemporaneous writings, relating to the same subject-matter, and between the same parties. They must therefore be construed together as evidencing the contract that was en-

tered into between appellants and Boyd concerning the land. When thus construed, it clearly appears that the deed and written contract constituted a mortgage of the land by Boyd to appellants and not a conditional sale. The deed although absolute in form should be construed as if the right of redemption granted by the written contract, executed at the same time, were read into it and made a part of it. One of the inseparable incidents of a mortgage is the right of redemption; and in cases involving the distinction between a mortgage and an absolute sale the right or equity of redemption, being reserved to the grantor in the instrument, is a strong circumstance tending to show that same was intended as security, if the other incidents, evidencing a debt and an obligation to pay can be gathered from the instrument.

It will be noted that the defeasance contract provides: "That the said Frank H. Boyd shall have the right at any time within one year from the date of this instrument to redeem said land by paying the amount of the purchase price herein above recited with interest thereon at the rate of 10 per cent per annum." This language was sufficient of itself to show that the parties intended that the amount named in the deed, towit: $6,500, should be an advancement or loan by the appellants to Boyd, and to be paid by him with interest thereon at 10 per cent per annum, in one year.

The contract of defeasance further provides "that neither party to this contract shall have the right to sell any of the above property for the full period of one year from the date of this contract;" and further, "that party of the first part shall have the option during that time to take the property if they so desire at any price which may be offered by the second party." This clause indicates clearly that the appellants recognized that Boyd was the holder of the legal title to the land. It indicated that appellants considered that they only held the title to the land as security for the amount they had advanced to Boyd and had assumed to pay for him. It shows that they conceded that the title really continued

in Boyd. Therefore, we are of the opinion that the deed and written contract, of defeasance when considered together constituted nothing more nor less than a mortgage given for the purpose of securing the appellants the amount of $6,500 with 10 per cent interest thereon.

(2) So much for the instruments themselves, aside from any extraneous facts in connection with their execution. But even if we were mistaken in this being the proper construction of the instruments upon their face, when the extraneous facts and circumstances under which they were executed are taken into consideration, there can be no doubt that the transaction was intended as a mortgage. These extraneous facts are shown in the agreed statement and the exhibits attached thereto. In considering these facts and circumstances, the principle must be kept in mind that "courts of equity will be inclined to construe contracts as mortgages rather than sales, whenever their real character may be doubtful." *Scott, et al.* v. *Henry, et al.,* 13 Ark. 112; *Gibson* v. *Martin,* 38 Ark. 207.

It appears that Boyd sold his equity of redemption to appellee for eleven thousand ($11,000) dollars, thus showing that the land was of far greater value than the purchase price named in the deed to appellants, which tends to prove that he did not intend that deed to be a sale of the property.

On September 29, 1913, the appellants entered into a contract with Boyd in which it is recited: "That in consideration of fourteen hundred ($1,400) dollars paid to first party by second party and the surrender by first party to second parties of any right or claim for the year 1913, which he might have or hold under his equity of redemption, etc." In this contract, the appellants recognized that Boyd had an equity of redemption in the land, and that he also might have a right to the rents for the year 1913. If appellants under their deed were entitled to the rents, why would they have recognized that Boyd might have a right to claim these rents? While

it is true that Boyd in an affidavit stated at the time he contacted to sell the land to Simpson nothing was said about the rents and that he did not understand that he was conveying the rents, yet, the affidavit of the appellee, Simpson, was to the effect that it was expressly understood and agreed between himself and Boyd at the time the latter conveyed the land to him that appellee should have the rents for the year 1913. In this statement appellee is corroborated by a letter from Boyd, received at the time they were conducting the negotiations, but before the sale was actually consummated, showing that Boyd, at that time, considered that he was entitled to the rents for the year 1913, and that he expected appellee to get these rents by virtue of his purchase of the equity of redemption, if the contract for such purchase was consummated. Thus this contract of the parties (of September 29, 1913) concerning the rents for the year 1913 indicates that they did not consider that appellants had acquired the right to the rents for the year 1913 by virtue of the deed from Boyd to them.

But, it is unnecessary to go further into detail in discussing the facts and circumstances. The extraneous facts clearly show that the deed and contract of writing under review should be construed as a mortgage and not a conditional sale.

(3) As we have stated, the deed and written contract of defeasance on their face when construed together do not show a sale to the appellants. Therefore, in order to show that these instruments constitute a mortgage and not a sale, it is not necessary that the proofs be clear, unequivocal and convincing as it is in those cases where the instrument to be construed is absolute upon its face. But, even if such rule were applicable here, the facts of this record would meet every requirement of that rle, and show a mortgage. *Crismon* v. *Kingman Plow Co.,* 106 Ark. 166, and cases cited; 1 Jones on Mortgages, page 192, section 257.

(4)   Counsel for appellants states in his brief that the chancery court found that the deed and written contract of October 24, 1913, constituted a conditional sale and not a mortgage.   There is nothing in the record to show that the chancery court so found.   But the decree of the chancery court will be affirmed if correct upon the whole case, though it may be based upon erroneous conclusions of fact, and where the conclusions are correct, the judgment will be affirmed though the reasons which the court gave for its conclusions may be unsound.   *Fordyce Lumber Co.* v. *Wallace,* 85 Ark. 1; *State* v. *Dowdy,* 86 Ark. 140.

Under the pleadings and the agreed statement, appellee has performed the contract on his part and is entitled to a deed, provided the contract between appellants and Boyd was a mortgage.   Having so determined, the time of performance on the part of appellee is no longer an issue in the case.

(5)   The appellants, mortgagees in possession, having collected the rents for the year 1913, must account for same to appellee who acquired the right to the same by reason of his purchase of the equity of redemption from the mortgagor, Boyd.   *Banks* v. *Walters,* 95 Ark. 501; *Crebbin* v. *Deloney,* 75 Ark. 59.

The decree is therefore correct, and it is affirmed.