FOSTER v. DIERKS LUMBER & COAL COMPANY.

Opinion delivered October 17, 1927.

1. CANCELLATION OF INSTRUMENTS—RIGHT TO RELIEF.—Equity will cancel or reform written instruments, either where there is a mutual mistake, or there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the other.

2. CANCELLATION OF INSTRUMENTS—SUFFICIENCY OF PROOF.—To justify cancellation or reformation of a written instrument the proof must be clear, unequivocal and convincing.

3. LOGS AND LOGGING—CANCELLATION OF TIMBER DEED—EVIDENCE.—In a suit to cancel a timber deed on the ground that plaintiff had been induced to execute it by misrepresentations, evidence held insufficient to justify cancellation.

4. CANCELLATION OF INSTRUMENTS—LACHES.—In a suit to cancel a timber deed on the ground that plaintiff had been induced to execute it by misrepresentations brought by an unlettered person, unable to read or write, 10 years after ascertaining what the terms of the deed were, held barred by laches.

5. CONTRACTS—RESCISSION.—One induced by misrepresentations to enter into a contract must sue to rescind within a reasonable time after learning of such misrepresentations.

Appeal from Howard Chancery Court; *C. E. John-son,* Chancellor; affirmed.

*W. C. Rodgers,* for appellant.

*Collins & Collins, Lake, Lake & Carlton* and *John S. Kirkpatrick,* for appellee.

McHANEY, J.   This action was instituted by appellant against appellee, by which it sought to cancel a timber deed executed by appellant to appellee in June, 1910, conveying all the merchantable pine timber then standing on the lands described in the complaint, which gave the appellee twenty years within which to remove the timber from the land.   The principal complaint appellant makes is to this clause in the deed, which gives twenty years to remove the timber, although complaint is made of a number of other clauses in the deed, appellant claiming that the agreement between him and Mr. J. H. Murray, agent of appellee, who purchased the timber from appellant, was that the timber was to be removed within three years, and that the price was agreed upon on that basis.  Appellant says that he would not have executed the deed if he had known that the twenty-year clause was contained therein, and that he did not know of the other clauses of which he complains being in the deed, nor would he have signed same with them in it if he had known it.  Appellant is an unlettered person, who cannot read or write. Some time in 1913 or 1914, after the death of Mr. Murray, appellant says he had a conversation with Mr. Fred Leeper, who had succeeded to the position of Mr. Murray after his death, in which Leeper stated, in substance, that the time was out for them to cut the timber on appellant's land, and that they wanted to buy it again.   On a trial of the case, the court entered a decree dismissing the plaintiff's complaint for want of equity, and in the course of its opinion the court said:   "Again, the record shows that ten years ago plaintiff was fully advised of the instrument, its duration and terms, yet he serenely sat by for his own memory to fade and the evidence of other witnesses to get beyond the reach of the courts before bringing this suit.  As I view the record in this case it

would be extremely inequitable to permit plaintiff to profit by his own negligence.''

From this decree appellant brings the case here for review.

It is well settled under the former decisions of this court that equity has jurisdiction to cancel or reform written instruments, either where there is a mutual mistake or where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the other party, but, before it will do so, there must be something more than a mere preponderance of the evidence. It has been uniformly held under such circumstances that the proof must be clear, unequivocal and convincing. *American Alliance Insurance Co.* v. *Paul,* 173 Ark. 960, 294 S. W. 58; *Welch* v. *Welch,* 132 Ark. 227, 200 S. W. 139. Under this rule we agree with the chancery court that the evidence does not rise to that degree of certainty that would justify a cancellation of the deed in question. Moreover, as heretofore stated, appellant knew, for a period of ten years or more, what the exact terms of this deed were, and took no affirmative action to cancel same. The party with whom appellant made his trade has long since been dead and is unable to either affirm or deny appellant's statements. We think it is well settled by the former decisions of this court, as said in the case of *New York Life Insurance Co.* v. *Adams,* 151 Ark. 123, 235 S. W. 412, that ''one induced by misrepresentations to enter into a contract must, within a reasonable time, take advantage of his right to rescind.'' His deed was dated June 11, 1910. He was fully advised by Mr. V. L. Massey, acting for appellee, of the terms of the deed in 1916, and he waited until May 10, 1926, to institute this action. We therefore hold that appellant was guilty of such laches as bars his right to maintain this action. The decree of the chancery court is therefore correct, and it is in all things affirmed.