SCHLEY v. DODGE, CHANCELLOR.

4-4293

Opinion delivered March 2, 1936.

*E. Charles Eichenbaum,* for petitioner.
*Talley, Owen & Talley,* for respondent.

McHANEY, J. Petitioner, who is a nonresident, brings this original action in this court to prohibit the respondent, as judge of the Pulaski chancery court, from hearing and determining an allegation in a complaint for divorce by her husband that a written property settlement agreement theretofore entered into between the parties was obtained through fraud, was without consideration, and is void, and should be cancelled. It is not contended that the court has no jurisdiction of the person of petitioner, but to quote the language of her counsel: "Our sole contention is that, though the petitioner may be found to have entered an appearance to the divorce proceedings, such appearance does not confer upon the court the privilege of adjudicating issues clearly in excess of his jurisdiction."

The property settlement agreement does not involve the title to real, but only personal property,—household goods, an automobile, and one-half the earnings of a certain trust fund of which the New York Trust Company is the trustee and petitioner's husband is the beneficiary. Equity has jurisdiction to cancel or reform written instruments. *Foster* v. *Dierks Lumber & Coal Co.,* 175 Ark. 73, 298 S. W. 495. We are not now concerned with the rule of evidence relating thereto, or as to whether cancellation should or should not be granted. We are only concerned at this time with the jurisdiction of the court in the premises.

This question has been several times decided adversely to petitioner's contention. In *Bowers* v. *Hutchinson,* 67 Ark. 15, 53 S. W. 399, Mr. Justice BATTLE, speaking for the court, after quoting from an English decision, said: "In this country the courts, as a general rule, have enforced covenants and promises in deeds of separation relating to the maintenance of the wife and property, provided they are based upon a sufficient consideration, are fair and equal, are reasonable in their terms, and are not the result of fraud or coercion, and the separation has actually taken place when the agreement is entered into, or immediately follows." In *Shirey* v. *Shirey,* 87 Ark. 175, 112 S. W. 369, this court held that equity has jurisdiction to cancel and will cancel on proper grounds an antenuptial settlement between husband and wife. In *McConnell* v. *McConnell,* 98 Ark. 193, 136 S. W. 931, this court sustained the chancery court in cancelling a separation agreement between husband and wife, citing *Bowers* v. *Hutchinson, supra.* So it necessarily follows that the court has jurisdiction of the subject-matter. Since the court has jurisdiction both of the persons of the parties and of the subject-matter of the action, the petition will be denied.

It is so ordered.