TOLAND · *v.* UVALDE CONSTRUCTION COMPANY.

4-5457                                         127 S. W. 2d 814

Opinion delivered May 1, 1939.

*Paul H. McKnight* and *Joe S. McKnight,* for appellant.

*Buzbee, Harrison, Buzbee & Wright,* for appellee.

McHANEY, J. Appellant brought this action to recover damages for personal injuries alleged to have been

sustained on July 5, 1937, while an employee of appellee, Uvalde Construction Co., through the negligence of appellee, W. W. Barnett, a fellow-servant, who, it is alleged, dropped a ladder on his foot. Appellees defended on the ground among others, that the employer had made a settlement with appellant by which it paid him $275.00 on August 31, 1937, in full settlement of his claim for damages on account of said injury, and received from him a written release, covering all damages sustained or which might be sustained by reason thereof, which it pleaded in bar of the action. It also plead that, at a later date, January 26, 1938, it paid him the further sum of $50, and received from him a further release. The case went to trial, and, at the conclusion of the evidence on behalf of appellant, the court instructed a verdict for appellees, on which judgment was rendered.

The only contention made by appellant for a reversal of the judgment is that a case was made for the jury, and that the court erred in directing a verdict against him. It is insisted that the settlements made by him and the releases executed were procured by fraud. The statement is made in his brief that "the agents of the Uvalde Construction Company went to his daughter's home where he was staying and while in a stupor and unconscious condition made with him a settlement of his claim for the sum of $275.00, they well knowing his condition at the time." This assertion is not borne out by the evidence. The release shows it was signed by him and by his own lawyer and acknowledged before a notary public. He, himself, testified that Mr. Moody was his lawyer whom he had employed to present a claim against the company. He admits signing the release. No representative of the company was present when he did so, only his own lawyer and the notary being present, and it is difficult to see how appellees could have practiced a fraud on him at that time.

He contends that he should not be bound by his release because he says Dr. Shuffield told him sometime in August, probably between the 12th and the 18th, that his foot "was only sprained or bruised and I would be

all right in a few days.'' But, a short time after the injury, he employed his own physician Dr. Allan, and went to St. Vincents Hospital where he was treated ''eight or ten days.'' His daughter then sent him to the County Hospital where he was treated by Dr. May for about a week. Under these circumstances, appellant had no right to waive his own doctors, hospitals and his own attorney, and ground fraud on the supposed statement of Dr. Shuffield who treated him at the Baptist Hospital at the instance of appellee company.

In addition to this, at the solicitation of another lawyer selected by appellant, the company paid him an additional $50.00 on January 26, 1938, and took from him the following statement: ''On or about the 5th day of July, 1937, I received injuries while I was in the employ of the Uvalde Construction Company in Little Rock, Arkansas.

''I did not recover from these injuries and retained the services of M. V. Moody, an attorney of Little Rock, to represent me, and on the 31st day of August, 1937, I made a full and complete settlement of my claim against the Uvalde Construction Company for all damages I had or might in the future sustain by reason of the injuries I claimed I received while in its employ for the sum of $275.00, which was paid.

''Since that time I have still had a great deal of trouble with the injuries I sustained and have made an effort through friends to secure means with which I might receive further treatment for the injuries.

''I recognize that the release I executed is a full and final release and that I have no legal claim against Uvalde Construction Company or against anyone else by reason of said injuries.

''I have recently been assisted by Mr. Otis Nixon, an attorney of Little Rock, in an effort to see if I could not secure a further payment, and a payment of $50.00 has been made to me on this date on behalf of Uvalde Construction Company and I acknowledge receipt of said sum of $50.00 and acknowledge that the said sum is paid

to me not by way of any additional sum due me on account of any legal liability for said injuries, but solely for humanitarian reasons to enable me to see if I cannot obtain a cure for the injuries I sustained. I recognize that I have no right to ask for the payment that is made and that I have no right or reason to expect any additional payments on behalf of Uvalde Construction Company or of anyone else. (End of Page one) Signed W. M. Toland.

"Signed at Little Rock, (page 2) Arkansas, this 26th day of January, 1938. (Signed) W. M. Toland.

---

"I have secured the foregoing payment for Mr. W. M. Toland under the circumstances as he relates them in the foregoing statement and without any compensation to myself. (Signed) Otis H. Nixon.

"(Written in pen and ink)

"'I have read the above and foregoing to Mr. Toland and he has read the same in my presence.' Signed Otis H. Nixon."

Even though it be conceded that the first release is voidable, it must be held that the second is a ratification of the first. *Lamden* v. *St. Louis Southwestern Ry. Co.*, 115 Ark. 238, 170 S. W. 1001; *St. Louis-San Francisco Ry. Co.* v. *Hall*, 182 Ark. 476, 32 S. W. 2d 440.

No error appearing, the judgment is accordingly affirmed.