*E. G. Ward,* for appellant.

*T. A. French,* for appellee.

McHaney, J.   On November 4, 1925, appellants, Jesse and Eula Denham, husband and wife, executed their promissory note for $500, due and payable October 1, 1926, with interest at 10 per cent, from date, to D. W. Boyd, which was secured by mortgage on certain real property in St. Francis, Arkansas.  Some payments were made on said note, the last being on February 6, 1932,

as found by the court. Boyd assigned said note and mortgage to appellee, A. D. Lack, and he in turn assigned same to appellee, B. F. Lack. At the collector's sale in June, 1929, said property was sold for the taxes of 1928 to A. D. Lack who, on August 1, 1930, assigned the certificate of purchase issued to him to B. F. Lack. On June 20, 1931, B. F. Lack received from the county clerk a deed to said property. He took possession of said property under both his mortgage and tax title and on December 13, 1932, conveyed two of the lots involved to W. I. Benbrook who went into actual possession thereof and so continued until he sold to Orval Orr on September 7, 1934, when the latter took the possession and still has it.

On October 12, 1937, appellants, Jesse and Eula Denham conveyed the property here involved to their son and his wife, the other appellants, Emmette and Lina Denham, who demanded possession from Orr, which was refused, and they brought an action in ejectment in the circuit court. On November 5, 1937, B. F. Lack brought suit to foreclose his mortgage executed by Jesse and Eula Denham. The case in the circuit court was transferred to equity and all issues joined there. Trial resulted in a decree canceling the deed from Jesse and Eula Denham to their son and his wife. It held that the tax sale to Lack, the mortgagee, was a redemption and canceled the tax deed. It overruled appellants' plea of the statute of limitation and offset the rents accruing to Jesse and Eula Denham against the improvements made by Orr. It found the balance of the mortgage debt to be $497.50 with interest at 10 per cent. from the date of the decree and ordered the property sold in satisfaction thereof. This appeal followed.

From the date of the tax deed to B. F. Lack, June 20, 1931, to October 12, 1937, the date of the deed from father to son, appellants had wholly abandoned said property to the possession of appellees, knowingly permitted them to remain in possession without any objection from them, paid no taxes thereon, permitted appellees to make valuable improvements and pay all taxes thereon without protest.

Appellants strenuously insist that their plea of the statute of limitations should be sustained and that the trial court erred in denying it on the ground of a mortgagee in possession, because they say the mortgagee was never in possession. It is true that Boyd, the original mortgagee, and A. D. Lack, his assignee, were never in possession. A. D. Lack assigned both the mortgage and the certificate of purchase to B. F. Lack who sold the property to Benbrook and he actually entered into physical possession of the property and he and his grantee, continued in possession until this time. Benbrook and Orr were holding title under B. F. Lack subject to said mortgage, and we think the rule as to a mortgagee in possession applies. It has frequently been held by this court that a mortgagee in possession is liable for all rents collected or that could be collected by ordinary diligence and must apply them in discharge of the mortgage debt, unless otherwise applied by agreement. *Caldwell* v. *Hall,* 49 Ark. 508, 1 S. W. 62, 4 Am. St. Rep. 64; *Dicken* v. *Simpson,* 117 Ark. 304, 174 S. W. 1154. Applying the rents to the mortgage debt tolls the statute of limitations and prevents a bar. So the court correctly applied the rule, even though it was appropriated to offset the improvements made by the grantee of the mortgagee.

It is also argued that the court erred in canceling the deed from Denham to Denham. All the deed could have conveyed was the equity of redemption from father to son, and he can still buy in at the foreclosure sale and acquire good title. The fact that no indorsement of payments was made on the margin of the record cannot be availing to Emmette Denham, because at the time of his alleged purchase Orr was in possession claiming to be the owner, and because the transaction between father and son, under the circumstances revealed in this record, showing the condition of the title to this property, justified the court in canceling the deed as an attempt to defeat the Jesse Denham mortgage indebtedness and that Emmette was a party thereto.

The decree is accordingly affirmed.