HENDERSON *v.* HENDERSON.

4-6869                                                    165 S. W. 2d 897

Opinion delivered November 23, 1942.

*McKay, McKay & Anderson,* for appellant.

*Wendell Utley* and *Walter L. Brown,* for appellee.

McHANEY, J. Appellants are the widow and all the heirs at law of W. D. Henderson, deceased, except appellee, Hoyette Henderson, who is also a son of W. D. Henderson by the appellee, Mae Henderson, the second wife of said W. D. Henderson. Appellants brought this action against appellees to cancel W. D. Henderson's deed to 150 acres of land to them, dated June 21, 1939, and recorded July 24, 1940. The grounds alleged for cancellation are that the deed was ante-dated and was not executed until on or about the date it was recorded, or, if executed on the date it bears, it was not delivered until July 24, 1940, and being the homestead of himself and wife, Roxie Henderson, it was void because not signed and acknowledged by her.

The facts are that W. D. Henderson had been married three times and had seven children, five by the first wife, one by appellee, Mae, and one by appellant, Roxie. In May, 1939, he filed suit for divorce against Mae, which resulted in a decree in his favor on June 20, 1939, he having made a previous property settlement with her for a consideration of $1,000 paid in cash. On July 6, 1939, he married appellant, Roxie. Their married life was not altogether harmonious and some time prior to June 3, 1940, he filed suit for divorce against Roxie. On the latter date the court made an order requiring him to pay Roxie suit money and lying in expenses of $250, she being enciente at the time. No decree of divorce was ever obtained in this case, and he died January 18, 1941.

As stated above, the deed in question was dated June 21, 1939, the day following his divorce from Mae and was to her and their son Hoyette. If the deed were executed and delivered on that date or at any time between that date and July 6, 1939, the date of his marriage to Roxie, it is conceded to be a valid conveyance of the land described which was his homestead. If it were either executed or delivered after July 6, it is invalid and void because not signed and acknowledged by his wife, Roxie. This was the question presented to the trial court, and, while expressing some doubt about it, the deed was sustained and the complaint dismissed for want of equity.

The same question is presented by this appeal. The question is purely one of fact, even though the parties appear to disagree as to the *quantum* of proof required to cancel the deed. Appellant says that only a preponderance of the evidence is required to show either that the deed was not executed on June 21, 1939, or that it was not delivered on that date, and cites *Thomas* v. *Langley*, 200 Ark. 220, 138 S. W. 2d 380, to support his contention. This case does not support appellant as to the date of the execution of the deed. That case involved only the question of delivery and the decree canceling the deed because of nondelivery was affirmed because not against the preponderance of the evidence. None of the provisions of the deed was involved. Here the date of the deed is also involved. In the recent case of *Stephens* v. *Keener*, 199 Ark. 1051, 137 S. W. 2d 253, coming from the same court and with the same counsel for appellant as here, we said: ''Before we would be warranted in setting aside the solemn recitals in a deed, a written instrument signed and acknowledged, the *quantum* of testimony required must rise above a preponderance of the testimony. To do this the evidence must be clear, cogent and convincing. A mere preponderance is not sufficient.'' The date of a deed is one of its ''solemn recitals.'' It might be, frequently is, and is here the most important recital. See, also, *Foster* v. *Dierks Lumber & Coal Co.*, 175 Ark. 73, 298 S. W. 495; *Bevens* v. *Brown*, 196 Ark. 1177, 120 S. W. 2d 574.

So we conclude that the clear and convincing evidence rule applies not only to the date a deed bears, but to all other of its recitals, and before a court of equity would be justified in canceling a deed because of any of its recitals, the evidence must be clear, satisfactory and convincing.

With this rule in view, we are unable to say the court erred in its decree. Some doubt was expressed by the court and there are some facts and circumstances not necessary to detail, that throw some doubt on the date and delivery of the deed. On the other hand, there is the testimony of the lawyer scrivener and the lawyer notary that the deed was drawn and acknowledged on the date

recited. On the question of delivery, there is the positive testimony of Hoyette Henderson and his mother to support the court's finding. While we, too, have some doubt about it, we are unwilling to overturn the decree on the weight and sufficiency of the evidence.

Affirmed.