PHARRIS v. VANDERPOOL.

5-1778                                321 S. W. 2d 757

Opinion delivered March 16, 1959.

*Rex W. Perkins* and *E. J. Ball,* for appellant.

*W. B. Putman,* for appellee.

CARLETON HARRIS, Chief Justice.   On March 28, 1958, appellants instituted suit against appellees, alleging that on March 23, 1946, the Whorton Canning Company and appellees entered into a lease agreement for certain real estate; that on March 28, 1947, the Whorton Canning Company assigned the lease agreement to appellants, and that appellants had, from that date on, complied and performed all the terms and conditions of the lease; that notwithstanding their compliance, appellees had constructed across the roadway leading to appellants' canning plant an obstruction, and had refused appellants the right to operate their canning plant on said lands.   They further alleged no adequate remedy at law, and prayed that a temporary order be issued directing appellees to remove the obstruction from across the roadway, and to permit appellants to have access to the canning factory, and that ''upon a final hearing of this cause, that the temporary order be made permanent and for all other and further relief to which in full equity said plaintiffs may be entitled.''   On the same date, the

chancellor entered a temporary restraining order as prayed, upon the making of bond by appellants. Appellees answered, denying the material allegations of the complaint and further alleged *inter alia* that the alleged lease agreement was null and void; that any rights held by appellants were barred by laches and estoppel; the terms of the agreement had been violated because the rental had not been paid; that the premises had not been used for a canning factory as agreed between the parties, and the alleged lease agreement had been abandoned by the lessees, their successors and assigns. On July 14th, the cause proceeded to trial, and at the conclusion of appellants' testimony, appellees filed a written demurrer to the evidence. The court sustained such demurrer, and dismissed appellants' complaint. From such action of the court, comes this appeal.

The hearing before the court was devoted to an attempt by appellants to establish their right to operate the canning plant under the provisions of the lease. Appellees took the view that appellants held no valid assignment, and certain documentary evidence relating to this point, offered by appellants, was excluded by the court. However, oral testimony was admitted which reflected that appellants had been operating the canning factory described in the complaint and lease. Evidence was also offered through Mr. Vanderpool, one of the appellees (placed on the stand by appellants), that Vanderpool had accepted rent from appellants for the lease of the plant. The testimony which was admitted was probably sufficient to place in issue the question of whether appellants had a legal right to operate the premises, but even so, appellants are not entitled to relief.

The gravamen of the complaint is that appellees have erected certain obstacles across the road leading to the factory building, thus interfering with appellants' access to the building, and the prayer is that appellees be enjoined from obstructing such roadway and from interfering with such access to the building. The record does not reflect one iota of evidence relating to any obstruction, nor was there any offered proof that appel-

lants had been denied access to the building. In other words, though we should consider that all evidence offered by appellants was competent and admissible, such proof would only establish, at the most, that appellants have a lease on the canning factory plant, and the land upon which it is located. There was no proof of injury, or interference with any rights arising out of the lease. Appellants state that "denial by the court of appellants' proof of ownership of the lease and full compliance therewith, prevented the appellants from offering proof of an obstruction to their right of ingress and egress to and from the canning factory situated upon the leased premises," but we are unable to see that the court's ruling, excluding certain evidence, prevented appellants from fully developing their cause of action. Had this proof been offered, the entire record relating to the ownership of the lease and the violation of appellants' rights by appellees would be before us, but there is nothing in this record that would justify any injunctive relief.

Appellants argue that the trial court sustained the demurrer to appellants' evidence solely upon the basis that appellants did not have an assignment of the Vanderpool lease. However, it makes little difference as to the reasoning used by the trial court, for it is settled law that though a chancellor bases his decision on erroneous grounds, his findings will not be reversed if such findings can be sustained on some other ground justified by the entire record. *McCrite* v. *Hendrix College,* 198 Ark. 1149, 133 S. W. 2d 31.

The decree is affirmed.