Edgar HUTCHESON and Lena Hutcheson, Plaintiffs,

v.

FRITO–LAY, INC., Defendant.

Civ. A. No. 492.

United States District Court
W. D. Arkansas,
Harrison Division.

May 8, 1962.

Pope, Pratt & Shamburger, Little Rock, Ark., for plaintiffs.

Wright, Lindsey, Jennings, Lester & Shults, Little Rock, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

This case is before the court upon defendant's motion for summary judgment in its favor dismissing the action on the ground that there is no genuine issue as to any material fact, and that the defendant is entitled to a judgment as a matter of law.

The plaintiffs filed their complaint on January 18, 1962, which was amended on February 7, 1962, in which they alleged that on or about April 7, 1961, a truck driven by an agent, servant and employee of the defendant, while acting within the scope of his employment, negligently and carelessly collided with the rear of a car driven by the plaintiff, Lena Hutcheson, and in which Edgar Hutcheson, her husband, was a passenger; that as a direct and proximate result of the negligence of the defendant's agent, servant and employee the plaintiff, Lena Hutcheson, suffered severe personal injuries, for which she seeks to recover damages, and her husband asks for damages for the alleged loss of consortium.

On February 21, 1962, the defendant filed its answer in which it denied the allegations of the complaint, and alleged as an affirmative defense that plaintiff, Lena Hutcheson, was guilty of contributory negligence in that she stopped suddenly in front of defendant's truck.

Defendant also alleged that on May 10, 1961, the plaintiffs, for valuable consideration, released, acquitted and discharged the defendant from all and any claims and causes of action on account of any and all known and unknown injuries, losses and damages sustained or received by the plaintiffs on or about April 7, 1961, through the collision referred to in the amended complaint, and the defendant thus pleaded the release as a bar to all claims asserted in the amended complaint.

On April 20, 1962, the defendant filed a motion for summary judgment based upon: (1) a deposition of plaintiff, Lena Hutcheson, taken on March 1, 1962; (2) a release [1] executed by Edgar Hutcheson

---

1. "FULL AND FINAL RELEASE COVERING ALL CLAIMS OR RIGHTS OF ACTION OF EVERY DESCRIPTION, PAST, PRESENT OR FUTURE.

"For and in consideration of the sum of Exactly One Hundred Fifty Two and 98/100....Dollars ($152.98) to me/us in hand paid by H. W. Lay and Company, Inc., Brooks Potato Chip Co., and Joe S. Roitz the receipt of which is hereby acknowledged, I/we being of lawful age, for myself/ourselves, my/our heirs, administrators, executors, successors and assigns hereby fully and forever release. acquit

and discharge the said H. W. Lay and Company, Inc., Brooks Potato Chip Company, and Joe S. Roitz and all other persons, firms and corporations, and their heirs, administrators, executors, successors and assigns from any and all actions, causes of action, claims and demands of whatsoever kind or nature on account of any and all known and unknown injuries, losses and damages by me/us or my/our property sustained or received on or about the 7th day of April, 1961 through an automobile accident at or near Vine and Stevenson Streets, Harrison, Arkansas for which injuries, losses and damages

and Lena Hutcheson on May 10, 1961, in favor of the defendant; and (3) draft No. 9869 on The American Insurance Company in favor of Edgar Hutcheson and Lena Hutcheson in the amount of $152.98 and duly endorsed by them.

On April 30, 1962, plaintiffs filed their reply to defendant's motion based on: (1) an attached affidavit of the plaintiff, Lena Hutcheson; (2) the deposition of the plaintiff, Lena Hutcheson; (3) the deposition of Mr. John F. White, representative of the defendant's liability insurance company; (4) the attached exhibits reflecting the correspondence between the defendant's insurance agent and the plaintiffs; and (5) the accident report completed and signed by the plaintiffs.

The defendant in support of the motion contends that the release executed by the plaintiffs on May 10, 1961, in favor of the defendant, bars their maintenance of the instant action to recover damages for injuries sustained by plaintiff, Mrs. Hutcheson, which allegedly were caused by an automobile collision which occurred at Harrison, Arkansas, on April 7, 1961.

The plaintiffs contend that the motion should be denied on the basis that the release executed by plaintiffs and pleaded by the defendant is void for failure of consideration and fraud in its procurement.

■ The question presented to the court is whether there is any genuine issue as to any material fact within the meaning of Rule 56, Fed.R.Civ.P., 28 U.S.C.A., and whether either party is entitled to a judgment as a matter of law. In Marion County Co-Op Ass'n v. Carnation Co., (W.D.Ark.1953), 114 F.Supp. 58, aff'd 214 F.2d 557, this court quoted extensively from a number of decisions of the Court of Appeals for this Circuit relative to various phases of the summary judgment rule. The court will not repeat those quotations here. Suffice it to say that the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, and all doubts are resolved against him. It is with that rule in mind that the court must consider the record in this case.

■■ Where there is a question of the validity of a written release, the law of Arkansas is well settled that a written instrument can be reformed or canceled when there is mutual mistake or where there has been a mistake of one party accompanied by fraud or other in-

I/we claim the said parties named above to be legally liable, which liability is expressly denied, it being understood and agreed that the acceptance of said sum is in full accord and satisfaction of a disputed claim and that payment of said sum is not an admission of liability.

"It is expressly understood and agreed that this release and settlement is intended to cover and does cover not only all now known injuries, losses and damages but any future injuries, losses and damages not now known or anticipated but which may later develop or be discovered, including all the effects and consequences thereof:

"And I/we hereby declare that I/we fully understand the terms of this settlement: That the amount stated herein is the sole consideration of this release and that I/we voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of all claims for injuries, losses

and damages resulting or to result from said accident.

"IN WITNESS WHEREOF, I/we have hereunto set my/our hand(s) and seal(s) this 10 day of May 1961.

WITNESSES:     /s/ Edgar Hutcheson
                        Edgar Hutcheson
/s/ Amanda Dixon   /s/ Lena Hutcheson
/s/ Frances Salmon    Lena Hutcheson

"STATE OF ARKANSAS ⎫
COUNTY OF BOONE     ⎬ ss
                                ⎭

"On this 10 day of May 1961, before me personally appeared Edgar Hutcheson and Lena Hutcheson to me known to be the person(s) named in and who executed the above release and acknowledged that they executed same as their free act and deed.

                            /s/ Roy Milum
My term expires          Notary Public
Jan. 16, 1963.
(SEAL)"

equitable conduct of the other party. Foster v. Dierks Lumber & Coal Co., 175 Ark. 73, 298 S.W. 495 (1927). In the absence of a showing of mutual mistake, fraud or other inequitable conduct in the procurement of a release of all claims, the release will operate as a bar to a subsequent action by the releasing party against the party released. Mississippi River Fuel Corp. v. Hamilton, 200 Ark. 475, 139 S.W.2d 404 (1940); Benedum-Trees Oil Co. v. Sutton, 198 Ark. 699, 130 S.W.2d 720 (1939); Toland v. Uvalde Construction Co., 198 Ark. 172, 127 S.W.2d 814 (1939); Crockett v. Missouri Pacific Railroad Co., 179 Ark. 527, 16 S.W.2d 989 (1929).

The general rules as to adequacy of consideration, mistake and fraud which directly affect the execution of a legally valid release are clearly stated in 45 Am. Jur., Release, beginning at page 681:

"Sec. 14.—*Adequacy.* The general rule that a consideration need not be adequate applies in the case of releases. While, to be valuable, the consideration must not be so small as to cause one of ordinary discretion and judgment to say that nothing was paid, the amount of the consideration given for a release is ordinarily not material if it is accepted and regarded as sufficient by the person executing the release. In the absence of fraud, coercion, or undue influence, a release cannot be ignored merely because the consideration is inadequate, even though it may be an improvident settlement.

\* \* \* \* \* \*

"Sec. 19.—*Mistake.* \* \* \* The great weight of authority supports the doctrine that a release of a claim for personal injuries cannot be avoided merely because the injuries have proved more serious than the releasor, at the time of executing the release, believed them to be, or because the releasor made a bad bargain on account of a wrong estimate of the damages which would accrue.

\* \* \* \* \* \*

"Sec. 21.—*Fraud.* The general principle that fraud vitiates every act applies to releases.

"A nominal or grossly inadequate consideration for a release will, in connection with other circumstances, such as the releasor's situation, conduct, and surroundings at the time of the release, and that time itself, be given serious consideration as affecting the question of fraud in its procurement. Where no fiduciary or confidential relationship exists, fraud in obtaining a release is not presumed, but must be clearly and distinctly proved by the person who asserts it. Therefore a releasor cannot avoid a release on the ground that it was procured by certain false representations of the releasee's agent, where the releasor's allegations are denied by the agent, corroborated by the subscribing witness to the release."

In accord: Mississippi River Fuel Corp. v. Hamilton, supra; and Missouri Pacific Transportation Co. v. Robinson, 191 Ark. 428, 86 S.W.2d 913 (1935).

Turning to the instant case, there is no dispute as to the objective facts which surround the execution of the release in question. The plaintiffs are literate adults, capable of conducting their own business affairs. When they filled out the accident report, a blank form which had been mailed to them, on April 14, 1961, they did in fact state that no personal injuries were suffered by either of them as a result of the collision, although Mrs. Hutcheson now contends that she was suffering pain at that time. They were advised by two competent, disinterested, local insurance agents of their own choosing and personally known to them, every step of the way, and the general release dated May 10, 1961, and the draft made out to the plaintiffs for the amount of $152.98, the cost of the repairs to plaintiffs' car, were signed by both the plaintiffs. Furthermore, there is no dispute that the defendant's insurance company in its letters dated April 21 and April 28, 1961, advised the plaintiffs that

the enclosed draft was for the amount payable for the damage to the car. Based on the accident report form, which had been filled out by the plaintiffs, it was reasonable for the insurance company to assume that the only amount demanded or claimed was for the property damage to the automobile alone, especially since Mrs. Hutcheson had made a point of having the repair estimate resubmitted for a higher figure.

Yet, the plaintiffs contend that the material issue of fact in the present case centers about their intent when they signed the release and draft in question. In other words, they argue that there is a material fact question of whether they did or did not intend to sign a release of their cause of action for property damage and personal injuries, or for property damage alone.

■ Under the rules pertaining to validity of releases as set out above, the material facts would be centered about such issues as adequacy of consideration, fraud or mistake. The undisputed objective facts in the present case negate any such inference of invalidity. Thus, the only possible disputed fact, and a subjective one at that, concerns the plaintiffs' intention at the time they signed the release in question. That is, does the present contention by Mrs. Hutcheson that her single-minded concern for the repair of her automobile, which she states eclipsed her concern for the physical well-being of her husband and herself at the time the release was signed by them, and the statement made in her affidavit a year later have any material effect on the validity of the release executed by them? This court does not think it does.

As stated in the case of Marion County Co-Op Ass'n v. Carnation Co., supra, beginning at page 64 of 114 F.Supp.:

"'* * * An issue of fact is not genuine unless it has legal probative force as to a controlling issue, 35 C.J.S. Federal Courts § 144, p. 1205. The motion for summary judgment is not a trial of the issues but for the purpose of determining whether in fact there are any genuine issues as to material facts. If it is made clearly to appear on such a motion that even though there is an issue under the pleadings there is in fact no dispute as to the controlling material facts, then the court should enter summary judgment.' Durasteel Company, Inc., v. Great Lakes Steel Corporation, 8 Cir., 205 F.2d 438."

Thus the court is convinced that under the above rules there is no genuine issue of material fact, and the motion for summary judgment should be granted. Therefore an order is being entered today granting the motion for summary judgment and dismissing the plaintiffs' complaint.