HERR *v*. MURPHREE

5-3879                                    402 S. W. 2d 393

Opinion delivered May 9, 1966

*Reed & Blackburn,* for appellant.

*Murphy, Arnold & Purtle,* for appellee.

GUY AMSLER, Justice. This litigation involves the foreclosure of a vendor's lien which was retained by appellee H. C. Murphree when he conveyed 80 acres of land to appellant H. A. Herr.

The background facts are brief. Appellee Murphree is a businessman and former county official who lives in Heber Springs. Appellant H. A. Herr is a practicing physician in Plainview, Yell County, Arkansas, whose appellant wife is his nurse, secretary, and bookkeeper. He had formerly practiced in Heber Springs and owns some 800 to 1,300 acres of land in Cleburne County, where Heber Springs is located. Some of this acreage is owned jointly with appellee Murphree. All the parties are of more than average intelligence.

Sometime prior to July 3, 1963, appellee Murphree telephoned appellant Dr. Herr at his office in Plainview and offered to sell him two 40-acre tracts of land in Cleburne County for $7,500, which offer appellant verbally accepted. Mrs. Herr listened in on this conversation on an extension telephone.

Appellee Murphree's deed, dated July 3, 1963, was executed, notarized, recorded and mailed to appellant at Plainview, together with a promissory note, of even date, for $7,500 payable to appellee in one year. Appellant Herr executed and returned the note to appellee, on a date that is not clearly established. Dr. Herr then requested and received an abstract of title to land and then concluded that one of the two forties contained in the deed was not one that he had contemplated buying. Shortly thereafter he made two trips to Heber Springs to discuss the matter with appellee and express his dissatisfaction with the inclusion of the one 40. He allegedly told appellee that the transaction "was off", but he took no steps to invalidate the previously executed note or deed.

On September 26, 1964, the note being nearly three months past due, appellee Murphree filed suit in the Cleburne Chancery Court alleging execution, consideration and non-payment of appellant's note and praying foreclosure of the vendor's lien retained in the warranty deed.

Appellants answered, alleging that the promissory note had been obtained by fraud in that the deed conveyed one different 40-acre tract than that agreed on between the parties, and offered, alternatively, to return the deed for cancellation or to pay for one of the forties and deed back the other forty. Appellants later amended their answer alleging that the signature of Mrs. Catherine Murphree, wife of H. C. Murphree, was forged on the deed to Dr. Herr. Appellee's wife was then made a party to the suit and later executed a formal ratification of the deed.

At the conclusion of trial on June 15, 1965, the chancellor found that appellee was entitled to recover $7,500 with interest, attorneys' fee (as the note provided) and costs. A commissioner was appointed to sell the property in accordance with the terms set out in the decree and this appeal followed.

For reversal appellants first urge that "the defense of fraud and false dealing was proved by an overwhelming preponderance of the evidence, and was clear, unequivocal, and decisive and the court erred in not rescinding the warranty deed."

It is not entirely clear just what relief appellants seek—they claim on the one hand that the complaint (foreclosure) should be dismissed because of misrepresentation as to one forty but not as to the other—but, on the other hand they ask no rescission as to the other forty—no offer was made to reconvey the two forties to appellee Murphree until after foreclosure suit was filed and that offer appears not to have been timely made and no deed was tendered. 55 Am. Jur. *Vendor and Purchaser* § 604 (1946); 91 C.J.S. *Vendor and Purchaser* § 170 et seq. (1955).

The main contention to substantiate fraud is that Murphree represented one 40 to be "the old John Bittle place", which was the property of Mrs. Herr's grandfather. Dr. Herr claims it had a sentimental value, but there is no suggestion that the two forties deeded by appellee were of less value than $7,500.

If the appellants' answer is treated as a prayer for cancelling or rescinding the written note and deed, then the proof must be clear, cogent, and convincing. *Murphy* v. *Osborne,* 211 Ark. 319, 200 S. W. 2d 517; *Henderson* v. *Henderson,* 204 Ark. 956, 165 S. W. 2d 897; Jones, Arkansas Titles, § 92. It is our conclusion that appellants did not meet the burden that rests on them to make such proof.

Appellants' second point urged for reversal is that the warranty deed was a forged instrument and the court erred in not holding it to be void.

There is no question that appellee Murphree executed the deed in question or that he owned and intended to convey the lands described in the deed. Appellee wife, Catherine Murphree, testified that she knew of the transaction, approved it and she executed a formal ratification of the deed to Dr. Herr, although she did not remember whether she had personally signed the deed on the date it shows to have been executed. She testified that she had been nearly blind for eight years and that she usually asked her husband to sign for her. If the deed were signed by another, it was with her consent and obviously with no intent to defraud appellants. The necessary ingredients of forgery lacking, the trial court properly refused to declare the deed void on the grounds of forgery. *Forrest City Gro. Co.* v. *Catlin,* 193 Ark. 148, 97 S. W. 2d 910.

Finally appellants claim that "the chancellor erred in not applying the law applicable to the instant case and refused to consider any defense set up by appellants". This objection appears to be based on the chancellor's findings which follow:

"The time for the defendant to object to the land he got and the time for the defendant to seek counsel was before he sent that note back. His sending the note back, no matter what he got—he had the deed there to see what he got, he signed the note, he sent it back—by doing that he completed the deal and cannot now come along to set up that as a defense."

The chancellor in effect appears to have found that since Dr. Herr knew what land was described in the deed before he signed and returned the note there was no fraud or overreaching practiced on appellants and we agree with that conclusion. It is well settled that the

trial court's reasoning is immaterial if it reached the proper conclusion. *Pharris* v. *Vanderpool*, 230 Ark. 233, 321 S. W. 2d 757; *Dicken* v. *Simpson*, 117 Ark. 304, 174 S. W. 1154.

Affirmed.

BLAND, J., not participating.